# GUY MORRISON vs. JAMES F. SMITH & SOLOMON H. ROBBINS.

The holder of a negotiable note, severally endorsed in blank by two or more persons, has no right to fill up one endorsement over the signatures, so as to make the assignment to him the joint act of all those whose names are thus written upon it.

### ERROR TO ST. LOUIS COURT OF COMMON PLEAS.

#### STATEMENT OF THE CASE.

The declaration set out a promisory note made by James S. Carter and Samuel H. Carter, and A. Grantham in negotiable form and payable to Z. T. Woodfolk and F. W. Stephenson, and by them endorsed to the defendants, and by the defendants endorsed to the plaintiff, demand and refusal of payment at the maturity of the note and notice to the defendants.

At the trial before the court, without a jury, the plaintiff gave in evidence a note made and endorsed as set out in the declaration; the defendants by counsel admitted that payment of the note had been duly demanded and refused, and defendants had due notice of it; and the plaintiffs counsel admitted that there at the trial he had filled up the endorsements by writing over the names of Woodfolk & Stephenson the words "Pay the within to James F. Smith and Solomon H. Robbins;" and over the names of the defendants, "Pay the within to Guy Morrison," and no other evidence was given by either party,

Whereupon, the court decided that the plaintiff could not recover, upon the ground that the plaintiff's counsel had no authority to write over the name of the payees the joint endorsement to the defendants and over the names of the defendants. The endorsement to the plaintiff, was to make that endorsement the joint endorsement of both the defendants, and the foundation of a joint recovery against them, but that the same should have been filled up so that the endorsement of the defendants should have been several and consecutive and not joint, so the last endorser would not be precluded by a joint judgment from recovering against his prior endorsee, and that in the absence of further proof of a joint endorsement, the presumption of law was in favor of holding it to be a several endorsement, and a joint recovery could not be had, to which opinion and decision the plaintiff excepted, and took a nonsuit with leave to move to set the same aside.

The plaintiff filed a motion to set the nonsuit aside, which was overruled; the plaintiff excepted to the overruling, and brings the case here by writ of error.

GAMBLE & BATES for plaintiff.

1st. The court erred in deciding as a matter of law upon the trial of the issue that the plaintiff was not entitled to recover upon the evidence that fully proved his declaration. 12 Miss. Rep 298, Berry vs. City of St. Louis, ib. 307, Mullen vs. Pryor.

2nd. The endorsements upon the notes sued upon being in blank, the holder had a right to fill them as he thought proper. Chitty on bills, 133.

3d. The declaration is upon a joint endorsement by Smith and Robbins, and so alleges it to have been made, the execution of such endorsement is not denied on oath, and an endorsement sustaining the declaration is given in evidence; the court erred in requiring any further proof by plaintiff.

HILL for defendant.

1st. The endorsement of Smith and Robbins were on the back of the note, several in form and in blank, and a *joint* endorsement cannot be *presumed*, in such a case, it must be shown.

GUY MORRISON vs. JAMES F. SMITH & SOLOMON H. ROBBINS.

2nd. The joint endorsement of Woodfolk & Stephenson raises no presumption of a joint endorsement to James F. Smith and S. H. Robbins, no more than the endorsement of a partnership, would have done.

3rd. The rule applicable to all commercial paper is in force in this case, and the holding these defendants as joint endorsers would authorise all endorsements to be held to be joint; would destroy and violate the right of the last or subsequent endorsee, and overturn all the principles applicable to bills and notes, and the rights and liabilities of endorsers.

4th. The endorsement of this note by Smith, implied an undertaking from him to Robbins, exactly similar to that, which is implied on the part of the drawer, by drawing a bill. Sec. 108, Story Bills; sec. 138, 4 Pick. 385, 19; Pick. 385, 15, Mass. 430, 6 Mass. 386. This rule establishes that the endorsements of parties on the back of a note, are several in law.

5th. The remedy of *Robbins* vs. *Smith* would be barred by a joint judgment, and there could be no recovery by Robbins vs. Smith for more than one half of the amount of the note.

6th. The endorsement of Smith & Robbins though several on the back of the note, was made joint by plaintiff on the trial, and no other proof of endorsement having been made there was a variance between the proof and the declaration.

7th. The plaintiff asked no instructions, and the reason of the *nisi pr. us* judge on no grounds, for a new trial.

RYLAND, Judge, delivered the opinion of the court.

The question in this case, involves the right of a holder of a negotiable note endorsed in blank, by two or more persons having written their names thereon, to fill up the endorsement by simply writing over all the names one assignment, so as to make the assignment the joint act of all those whose names have thus been written.

The right of a holder to fill up blank endorsements is unquestionable —this power is given by every one who thus writes his name on negotiable or assignable paper. But this is not the question. Can the holder, instead of filling up from one to an other so as to make a regular claim to the last endorser and from him to the holder, make one endorsement over all the names to himself?

I have no doubt, that by the consent or by the agreement of the persons whose names are endorsed on the note, that such may be made a joint endorsement, but without such understanding or agreement each endorser must be considered a separate actor, who assigns the note and who becomes liable by such assignment.

In this case, the plaintiff in error contends that the court below should have given judgment in their favor, because they set out a joint endorsement in their declaration, and proved it before the court. This reasoning is specious. The court below decided that without showing some authority or agreement by the endorsers, that their act was to be considered a joint one, the law presumed it not to be such; and without such authority or agreement or consent on the part of the endorsers, the plaintiffs counsel had no right to make such joint endorsements, and

consequently his act was void and there was no legal proof of such joint endorsement.

I feel unwilling to make any decision, that may unsettle the general understanding of those concerned most in the use of such negotiable paper, as regards the practice and decisions of our courts.

The endorsement of the note by Smith is an undertaking by him to pay Robbins and by Robbins to pay the holder, in the absence of all proof, that Smith and Robbins jointly endorsed the same.

I think that public policy is best promoted by adhering to the practice which makes, these endorsements seperate and not the joint act of all those whose names are put on the back of the note.

It has been well observed by the defendants counsel, that the rule applicable to commercial paper is in force in this case, and the holding these defendants as joint endorsers would authorise all endorsements to be held to be joint; and would destroy and violate the rights of a last or subsequent endorsee; and overturn the principles applicable to bills and notes and the rights and liabilities of endorsers.

For these reasons I feel inclined to support the judgment of the court below.

Its judgment is therefore affirmed, Judge Napton concurring in this opinion.