Syllabus.        Statement of the case.

# ABRAHAM F. CROSKEY
## *v.*
# WILLIAM SKINNER.

| 44   321|
| 30a  379|
| 44   321|
| 37a  263|
| 44   321|
| 51a  101|
| 44   321|
| 162  218|
| 55a  663|

1. PROMISSORY NOTE — *assignment and guaranty.* The rule is firmly established, that the holder of commercial paper with a general indorsement may fill it up with any contract consistent with such paper, and in accordance with the agreement of the parties when the indorsement was made. Also, such indorsement may be filled up at any time before or at the trial. The contract of assignment and that of guaranty are not the same, but different.

2. SAME. On the contract of assignment, the indorser is liable only in the event that the money cannot be made by legal proceedings against the maker; while, under the contract of guaranty, he becomes liable if the money is not paid according to the terms of the guaranty.

3. ASSIGNMENT — *alteration of.* Where a holder fills up a general indorsement with both an assignment and a guaranty, and the indorser files a plea denying the guaranty, verified by oath, the holder may abandon his claim to a recovery under the guaranty, and, upon proper proof of diligence or insolvency, recover on the assignment; and, when the question of authority to write the guaranty is withdrawn, the court will not, in the absence of evidence, presume that it was unauthorized. Even if the wrongful writing of a guaranty in such an indorsement could be held to be an alteration of the contract of assignment and could have that effect, there must be evidence that it was wrongful.

4. SAME. There being no doubt of the right to fill up the indorsement with an assignment, it is not perceived how filling in the guaranty could affect the assignment, whether authorized or not at the time. But if it could be so held, the court would not presume a want of authority in the absence of proof. It does not matter whether the assignment were filled up before or on the trial. The writing of an unauthorized guaranty over such an indorsement in no wise affects, alters or modifies the contract of assignment.

APPEAL from the Circuit Court of Cook County; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of assumpsit brought by William Skinner, in the Cook Circuit Court, against Abraham F. Croskey. The declaration contained five counts, — the first on a guaranty of three notes made by Phillips to Croskey; the second on liability as indorser; the third the same liability, and the fourth and fifth on the assignment and the insolvency of the maker. Defendant filed a plea denying the execution of the guaranty,

verified by affidavit, and to the other counts the general issue was filed.

A trial was had before the court, a jury being waived by consent of both parties. Plaintiff, during the progress of the trial, entered a *nolle prosequi* as to the first and third counts of his declaration.

It was stipulated, that the signature of defendant indorsed on the back of the notes was genuine. It was proved that the indorsement was in blank after the suit was commenced, and that what is now written over the signature was not then on the notes.

The court found the issues for the plaintiff, and assessed the damages at $1,672.84, and rendered judgment for that sum. Defendant brings the case to this court by appeal, and asks a reversal, because the court rendered judgment for the plaintiff.

Messrs. BARKER & TULEY and WM. HOPKINS, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the Cook county Circuit Court, against appellant, to recover on an alleged liability, growing out of an indorsement of three promissory notes, made by one Phillips to appellant. The declaration contains five counts. The first three alleged, that appellant assigned and guaranteed the payment of the notes at their maturity; the last two, the assignment and the insolvency of the maker, so that a suit would have been unavailing. Appellant filed pleas denying the execution of the guaranty, and the general issue to the fourth and fifth counts. After evidence was heard on the trial, appellee entered a *nolle prosequi* to the first and third counts of his declaration, and the cause then proceeded to judgment, under the remaining counts of the declaration.

On the trial below, the appellee read in evidence the three notes described in the declaration, bearing the signature of

appellant indorsed thereon, which seems to have been admitted to be genuine. On the back of each note, there was this indorsement: " For value received I hereby assign the within note, to William Skinner, or order, and do hereby guarantee the payment thereof at maturity. A. F. Croskey." Evidence of the insolvency of the maker was introduced, and no question is made upon its sufficiency. A judgment was rendered in favor of appellee, which appellant seeks to reverse by this proceeding. It is urged, as the proof shows, that there was only a blank indorsement on each note after the suit was brought; that the court below erred in rendering judgment for appellee; because, the indorsement being in blank when the suit was brought, the liability of an assignor only existed, and that the holder had no right to fill it up with a guaranty, and that the contract of assignment was, by such an alteration, discharged.

The rule is uniformly and firmly settled, that the holder of commercial paper, with a general indorsement, may fill it up with any contract consistent with such paper, and in accordance with the agreement of the parties when the indorsement was made and the note delivered. And the indorsement may be filled up at any time before, or even upon, the trial. It is also true, that the contract of assignment, and that of guaranty, are not the same, but are two separate and distinct contracts. On the contract of assignment, the indorser only becomes liable in the event that the money cannot be made by legal proceeding, while under the contract of guaranty he becomes liable unless the terms of the guaranty are performed. *Hance* v. *Miller*, 21 Ill. 636. The liability of an assignor is fixed by the statute, unless limited by the terms of the indorsement. On the other hand, that of the guarantor depends entirely on the terms of the contract of guaranty. Again, the liability of an assignor can only be incurred by the holder of the legal title to the note; but the liability of a guarantor may be assumed by such a holder, or by a stranger to the instrument.

In the case of *Hance* v. *Miller* it was urged, that, by writing the guaranty above the signature of the maker without author-

ity, the contract of assignment was altered and rendered void. But this court then held, that, as the question of authority to write the guaranty over the indorser's signature had been withdrawn from the consideration of the court, and no evidence having been adduced to show whether it was authorized, this court would not, in the absence of evidence, presume that it was unauthorized; and that, even if writing a guaranty without authority, in connection with an authorized assignment, were to have that effect, which was not conceded, still there was no evidence sustaining the conclusion that there was a want of authority. So, in this case, the counts on the guaranty were *nol. pross'd*, and all claim to a right to recover on that ground withdrawn.

There can be no doubt that the holder had a right to fill up the assignment, and, as it in no wise depended on the validity of the contract of guaranty, we do not perceive that the assignment was affected by it, whether authorized or not. But, if it could be held to have that effect, we would not presume a want of authority, in the absence of proof to destroy the validity of the assignment, apparently properly made. It may be that there was a verbal agreement to guarantee the payment of these notes at maturity, and yet appellee have no means of proving such guaranty. If such a guaranty was made, it would not be fraudulent to write it over appellant's name.

Nor do we see, that it can matter whether this assignment was written before or after the commencement of the suit. In this case, there was no evidence that the assignment was unauthorized, and we are at a loss to perceive, even if the contract of guaranty was unauthorized, how writing it on the note could affect a separate and distinct contract, in no wise dependent on the guaranty for its validity, or in the least altered, changed or modified by such a contract. It then does not affect the rights of the holder by the assignment, whether the written guaranty was warranted or not, as the validity of such contract depends upon itself.

The judgment of the court below must be affirmed.

*Judgment affirmed.*