Criley, et al. v. Vasel.

————o————

HENRY C. CRILEY, et al., Respondant, vs. CHARLES VASEL, Appellant.

| 52 | 445 |
| 32a | 124 |

1. *Sales—Personal property—Partnership—Change of possession.*—A. being in partnership with B. & C., sold his interest in the firm to B. & C. but remained with the new firm as their employee; *held,* that no further change of possession was necessary to render the sale valid as to the creditors of A.
2. *Constable—Deputy—Replevin—Judicial process.*—An action for the claim and delivery of personal property may be brought against the deputy constable, who has seized it by virtue of an execution in his hands against a third party.

*Appeal from St. Louis Circuit Court.*

*S. S. Merrill,* for Appellant.

I. There was no sufficient change of possession of the property. (Claflin vs. Rosenberg, 43 Mo., 593; Gillham vs. Kerone, 45 Mo., 487.)

II. An action for the claim and delivery of personal property seized on execution, must be brought against the officer, who in the view of the law has the possession, though the seizure was made by his deputy. (Richardson vs. Reed, and Skilton vs. Winslow, 4 Gray, 441.)

*Frank J. Bowman,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought under our Statute in reference to the claim and delivery of personal property.

The action was brought before a Justice of the Peace, and was for the recovery of the possession of one unfinished wagon, one old wagon, one anvil, and a few bars of iron, of the aggregate alleged value of one hundred and fifty dollars, and also

for the recovery of fifty dollars damage for the unlawful taking and detention thereof.

A trial was had before the Justice, where the plaintiff recovered a judgment, from which the defendant appealed to the St. Louis Circuit Court, where the plaintiff again recovered a judgment. The facts as they appear in the record are, that on or before the 18th day of February, 1870, plaintiffs and their father Conrad Criley had been partners, working at the blacksmithing business in St. Louis County ; that on said Eighteenth day of February, 1870, said partnership was dissolved, and that there was but little property on hand belonging to the firm. That the partnership up to the dissolution was carried on in the name of Criley & Sons; after the dissolution in the name of Criley & Brothers. That the business at the dissolution was settled up, and Conrad's interest, which was upon a settlement only about forty dollars, was paid to him, and the business turned over to plaintiffs' and carried on by them at the same place as it had been carried on before, and in the same name, except that the plaintiffs' hired their father at wages of three dollars per day, and did their business in the name of Criley & Brothers in place of Criley & Sons, and it further appeared that defendants had told some of their friends and customers of the change in the firm. The plaintiffs' were in possession before they purchased out the interest of their father, and continued in possession after the purchase. They had no sign over their door either before or after the dissolution of the first partnership. The evidence also tended to show that a part of the property sued for, was purchased by the plaintiffs' after the formation of the new partnership and that Conrad Criley never had any interest in it. The defendant claims that he is a deputy Constable in St. Louis County, and that an execution was placed in his hands as such, issued on a judgment rendered against Conrad Criley on the 17th day of February, 1870. That by virtue of said execution he levied on the property sued for, and that said property was subject to said execution, and that he was therefore justified in seizing and taking the same. The judgment

and execution were offered in evidence, as well as the return on the execution.

At the close of the evidence the Court instructed the Jury as follows:

5th. "If the Jury believe that any articles of the property in dispute belonged to the plaintiffs, and not to said firm of Criley and Sons at any time, and that neither said Conrad nor said firm had at any time an interest therein, then as to such articles the Jury will find for the plaintiffs."

6th. "If the Jury find for the defendant, they will find what articles, if any, belonged to the plaintiffs, as contemplated by instruction numbered 5. They will then find the value of the property in dispute which they may find belonged to the firm of Criley & Sons, and then find the value of Conrad Criley's interest in such firm property, and lastly the interest of said Conrad in all the property of the firm."

7th. "If the Jury believe from the evidence, that the firm of Criley & Sons was in good faith dissolved, and the property thereof sold and transferred in good faith, and that Conrad Criley did in fact cease to be a partner with plaintiff, and was in fact employed by them to work for them, and that there was an actual and continued change of possession of the articles so conveyed by Criley & Sons to the plaintiffs, then the Jury will find for the plaintiffs."

The defendant objected to these instructions and excepted at the time.

The Court then refused to instruct the Jury at the request of the defendant as follows:

8th. The Jury are instructed, that if they find from the evidence that any other mechanic had labored on any of the property in controversy, but had afterward voluntarily delivered the possession of said property to Criley & Sons, they will find that said mechanic has no lien on said property."

9th. "If the Jury find from the evidence, that the defendant was a deputy constable of this County, and, by virtue of an execution in his hands as such deputy, levied on the property in controversy in this suit, they will find for the defendant."

The defendant excepted to the opinion of the court in re-
fusing these last instructions. After the rendition of the
judgment in the Circuit Court at Special Term, the defendant
in due time filed a motion for a new trial, on the ground
that the Court had rejected proper evidence offered by de-
fendant, and that the court had given improper instructions,
and refused to give proper and legal instructions, and that the
verdict was against law and evidence, and the weight of evi-
dence. This motion was overruled by the Court, and the de-
fendant again excepted and appealed to the General Term of
said Circuit Court, where the judgment was affirmed, and the
cause brought here to be reviewed.

The question of the fairness and good faith of the plaintiffs
and Conrad Criley in the dissolution of their partnership, and
in the purchase of Conrad's interest in said partnership prop-
erty and business by plaintiffs, having been fairly submitted
to the Jury by the instructions of the Court, before which the
case was tried, that matter is not open for inquiry here. It is
complained however, that there was no change of the posses-
sion of the property at the time of the dissolution, so as to
make the contract and transfer of Conrad's interest in the goods
valid as to the creditors of Conrad. It may be observed, that
the plaintiffs were already in possession of the goods ; to make
an actual and visible change of that possession, would be to
take the possession from plaintiffs in place of transferring it
to them. This property was not in the possession of the
vendor, nor was it under his control, except as his possession
was a joint possession with the plaintiffs; in such case no
other change of possession could in the nature of things take
place than did take place, and the cases referred to by
the Appellant do not apply ; but the Court in the instruc-
tions given, directed the Jury that before they could find for
the plaintiffs, they must believe that there was an actual and
continued change of the possession. I hardly think that this
instruction was exactly applicable to the case, but if it was
wrong it was because it was too favorable to the defendant
and he cannot complain. The instructions given by the

Court placed the case at least in as favorable a light before the Jury, for the defendant, as the law would permit, and while I cannot exactly see the object in some parts of the instructions numbered six, yet it surely was not detrimental to the rights of the defendant, and could not in any way effect injuriously the rights of either party, and taken all together, the case was fairly presented to the Jury.

The defendant however complains that the Court refused to give the Jury the instructions asked by him. The first of which, numbered eight, it cannot be conceived what relation it had or could have to the case being tried, and the other assumed that a man who was deputy constable, and had an execution against (A), might seize the property of B., and forcibly take it from his possession, and not be liable to B., but that B., must seek his remedy for this trespass against the constable, who had nothing to do with it and really had no possession of the property sought to be replevied. It needs no argument or citation of authorities to show that this is an erroneous view of the law. The Court properly overruled the instructions.

Judge Sherwood not sitting, the other Judges concurring, the judgment of the St. Louis Circuit Court is affirmed.