## Thomas Swift v. James M. Barber.

*Promissory notes: Interest: Alteration.* Under our statute (*Comp. L.*, § 1652) fixing the rate of interest at seven per cent., but making it lawful for parties to stipulate in writing for the payment of any rate not exceeding ten per cent. per annum, the rate of interest in a note can only be changed from seven to ten per cent., if at all, by a stipulation in writing.

*Promissory notes: Rate of interest: Alteration: Authority.* Whether a verbal statement made by the maker to the holder of a promissory note during negotiations after maturity for an extension of time for payment, directing him to "make the note ten per cent.," imported an authority to actually alter the note as to the rate of interest:—*Quære?*

Such a statement, however, very clearly did not import a continuing authority which would justify and make valid an alteration written out by the holder several months afterwards.

*Promissory notes: Alteration: Assent.* An alteration in a material part by the
holder of negotiable paper, in the absence and without the knowledge of the
maker, ought not to be sustained as lawful, except upon very clear proof that
when actually made it had the assent of the party to be charged.

*Heard January 7.    Decided January 16.*

Error to Calhoun Circuit.

*Sidney W. Fitzgerald* and *A. M. Culver*, for plaintiff in
error.

*Rienzi Loud*, for defendant in error.

GRAVES, CH. J.

Barber brought general assumpsit against Swift, and
appended to his declaration a notice that he would give in
evidence under the money counts a certain promissory note
which was set forth as follows:

"One year from date I promise to pay W. H. Hall or
bearer one hundred and seventy-five dollars, for value
received, with use.

"Parma, June 9th, 1869.

"At ten per cent. after December 19, 1870, by agreement.
                                            THOMAS SWIFT."

Swift pleaded the general issue and filed and served his
affidavit in which he denied that he signed or executed the
note or instrument set forth in the declaration.

The case came on to be tried before a jury, when it
appeared that the note as given by Swift did not contain
the clause raising the interest to ten per cent. after Decem-
ber 19, 1870, and that Barber became the holder before
such addition was made.    There was no dispute about the
fact of alteration.    Indeed, Barber testified that he himself
added the clause in question.

He claimed that it was done with the assent of Swift,
but admitted that the latter was not present, and had no
knowledge that the note was changed.    His explanation

is, that on or about the 19th of December, 1870, he conversed with Swift about an extension of time for payment, and that Swift then said, "make the note ten per cent.;" that the note was then at a bank; that he went at once to the bank and found it closed, and the next day went to Colorado, and on returning five or six months afterwards, and which was in August or September, 1871, he called at the bank and added to the note the passage before noticed. Swift swore that no such arrangement was made. The court allowed the jury to find for the plaintiff, if they should be satisfied that he wrote the addition to the note pursuant to the verbal statement made several months previously by Swift as sworn to by Barber.

We think in this the court went too far. The rate of interest which the note originally called for was seven per cent., and conceding that it was competent for the parties by mutual agreement to change the rate to ten, that could only be done under the statute by a stipulation in writing.—*Comp. L.*, § *1632.* The law does not authorize a verbal agreement for interest at ten per cent. If it should be admitted, which I think can hardly be done, that the statement imputed to Swift by Barber as to the alteration of the rate of interest, imported that Barber might then alter the note substantially to the extent to which it was altered, it is still very clear that it did not import a continuing assent and authority which would justify and make valid and binding an alteration written out by Barber several months after the alleged statement.

When the holder of negotiable paper assumes to alter it in a material part, in the absence and without the knowledge of the party liable upon the paper, it ought not to be maintained as a lawful alteration, except upon very clear proof that *when actually made* it had the assent of the party to be charged. Any other rule less stringent would lead to mischief.

As this disposes of the case, it is not necessary to consider the other questions.

28 MICH.—64.

The judgment must be reversed, with costs, and a new trial ordered.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.