## ALBERT J. NELSON v. ALFRED E. DUTTON.

*Alteration of interest clause in note—Evidence.*

In an action on a promissory note in which the interest clause had been altered by erasing the words "after maturity" some time after it was given, the question was whether the alteration was made with the maker's consent. The payee's wife testified to being in and out of the room while the maker and the payee were talking about some notes which the former had given to the latter, and being asked what was said about their bearing interest, answered "They were all to draw interest but the ninety-day note" [which was not the one in suit.] She was farther asked "What was said by them about your husband's erasing the word 'maturity,' if anything?" and she answered "Well, he said that was to be done. He says 'The notes were to draw interest, wasn't they,' and he says 'Yes, all but the ninety-day note.' He said that was all right." On cross-examination she said she did not remember whether she saw any of the notes or saw them signed, or when they were signed or whether the conversation was before or after they were signed. *Held* that the evidence did not warrant submitting the case to the jury on the theory that the maker told the payee to alter the note or that he approved of his doing so, after the fact.

Agreements for ten per cent. interest must be written. Comp. L., § 1632. Whether any liability arises from a parol ratification of an oral agreement that the interest clause in a note may be so changed as to lengthen the period for which ten per cent. interest shall be paid —*Q.*

One cannot recover under a declaration in which he claims as indorsee,

of a note bearing ten per cent. interest, if the interest clause in the note sued on is invalid.

A mere inference that a note sued on is identical with a note referred to by a witness, cannot support a judgment.

Error to Clinton. (V. H. Smith, J.) June 8.—Oct. 10.

Assumpsit. Defendant brings error. Reversed.

*O. W. Barker* and *Cook & Daboll* for appellant.

*A. Stout* for appellee.

Cooley, J. This is a suit upon a negotiable promissory note, and the plaintiff's right to recover depends upon the question whether an alteration confessedly made in the note after it was signed, and not made by the defendant, was consented to by him. The alteration consisted in the erasure of the words "after maturity" from the clause for the payment of ten per centum interest, so as to make the note bear interest from its date, instead of from the time it fell due.

The note was given to one Esler, and by him sold to the plaintiff. The plaintiff gave evidence that the note was in its present condition when he bought it; that after obtaining it he called the attention of defendant to it, who said it had been altered since he gave it. The evidence tended to show, however, that the note was one of several given at the same time, and that defendant admitted that the understanding under which they were given was that all the notes but one should bear interest from date. Besides this, there was the evidence of Mrs. Esler, the wife of the payee, which it is claimed relates to the time when the notes were given, and which, so far as is important, is given in the margin. •

---

[1] *Q.* Did you hear a conversation at your husband's office between him and Alfred E. Dutton about some notes your husband took of Dutton ?
*A.* I did.
*Q.* State what was said about the notes drawing interest.
*A.* They were all to draw interest but the ninety-day note.
*Q.* What was said by them about your husband's erasing the word "maturity," if anything ?

The defendant denied that he ever authorized the alteration, and showed that the note was offered for sale by Esler before the words "after maturity" were stricken out. The plaintiff gave evidence to show a subsequent ratification, and this, under the view we take of the case, will be noticed further on.

In submitting the case to the jury the circuit judge made use of the following language: "Mrs. Esler states that she was present at the time of the signing and executing these notes. I understand her to say there was something said by the parties in relation to interest; that Mr. Dutton said or told Mr. Esler to erase those words."

It seems to us that this is altogether too strong a statement of Mrs. Esler's evidence. In the first place, there is no identification of the notes, or of the time when they were given. We may infer that there was no other transaction between these parties in which notes were given by defendant, but we have no evidence to that effect, and cannot

---

A. Well he said that was to be done. He says, " The notes were to draw interest, wasn't they," and he says, "Yes ; all but the ninety-day note." He said that was all right.

CROSS-EXAMINATION.

Q. Who was present at the time these notes were executed?
A. I don't remember.
Q. Was there any other lady in the house when these notes were made?
A. I think this lady was there—Mrs. Outwater.
Q. Where was she when you heard this conversation between your husband and Mr. Dutton?
A. She was in the dressmaking department.
Q. Where was witness at the time you heard this conversation between your husband and Mr. Dutton?
A. I was passing in and out of his office.
Q. State whether the door was open from the office leading into the dressmaking department.
A. Yes.
Q. State whether the conversation you heard at that time, between Mr. Esler and Mr. Dutton, was before or after these notes were signed by Mr. Dutton.
A. I don't remember.
Q. State whether you, at that time you heard that conversation, saw any of these notes.
A. Well, I don't remember.
Q. Can you state, of your own knowledge, the time when Mr. Dutton signed these notes ?
A. No; I can't tell the date; I don't remember.
Q. You did not see him sign any of the notes ?
A. I don't remember.

make the inference the basis of judgment. Then the opportunity Mrs. Esler had of obtaining exact information of what was going on was so slight that but little importance should be attached to her evidence, especially when it was given for the purpose of establishing the wholly improbable allegation that the payee of a note, who was authorized to make an important change in the paper at the very time it was executed, instead of making it or having it made by the debtor himself immediately, postponed doing so until after he had offered the note for sale.

The judge further said to the jury: "If you find that defendant authorized this alteration,—that the matter was talked over as to interest, and his attention was called to it, and he told Mr. Esler to strike out those words, and Mr. Esler did so subsequently within a short time; and that, within a short time afterwards, he was shown the note and he said it was all right and he would pay it,—then the plaintiff is entitled to recover the amount due upon it." We do not think there was evidence in the case to justify submitting the case to the jury upon this theory. See *Swift v. Barber* 28 Mich. 503. The verdict and judgment for the plaintiff must, therefore, be set aside and a new trial granted.

It was claimed on the trial that there was sufficient proof of a subsequent ratification of the alteration; and on a new trial the theory of ratification may perhaps be relied upon. It seems proper, therefore, to call attention to the fact that by the statute a promise to pay ten per centum interest is required to be in writing; and it is not very obvious that a subsequent parol acceptance of an unauthorized contract to that effect could be effectual. It is also to be noted that the plaintiff sues as indorsee of a note purporting to bear ten per centum interest; and if the interest clause is invalid, there seems to be no ground for recovery in his name, because the note without interest would be a different note from the one indorsed to him.

GRAVES, C. J. and CAMPBELL, J. concurred.

Sherwood, J. This case is an action of assumpsit upon a promissory note reading as follows:

"$200. St. John's, Mich., October 22nd., 1878.

One year after date, for value received, I promise to pay to the order of W. J. Esler, two hundred dollars, at the banking office of Shaver & Grisson, St. Johns, with interest at 10 per cent. [after maturity]. A. E. Dutton."

Plea, general issue, accompanied by an affidavit of Dutton denying the execution of the note under oath.

The case originated in justice's court, where the plaintiff recovered; and was twice tried at the circuit, the defendant prevailing on the first and the plaintiff on the second trial; and the case is now before us on bill of exceptions.

From the record it appears that the note in this suit, with three others given, for one hundred dollars each, were made and delivered at the same time and in the same transaction, to the said W. J. Esler, payable to him or order, due in three, six and nine months, respectively; and all contained the same clause as to interest, viz., " with interest at ten per cent. after maturity." Within two days after the note was drawn Esler transferred the three and six months' notes to Shaver & Grisson, bankers, and the $200 note, within three or four days, to the plaintiff in this suit, he paying therefor $180.

It is claimed on the part of the plaintiff that after these several notes were drawn and delivered to Esler, it was agreed between him and Dutton that on the ninety-day note and the one in suit the interest should run from date, and that the words at the end of each of those notes, "after maturity," might be stricken out by Esler, and that he accordingly did so before he transferred the $200 note to plaintiff; that the next day after plaintiff received said note he met the defendant in the presence of said Esler, at the office of the latter, and informed the defendant he had bought the note of Esler, and showed him the note, and defendant said the words "after maturity" had been erased since he signed the note; but that the agreement was that the note should draw interest; that the words "after maturity" were to be crossed out, and that the note was all right.

and straight, and he would pay it.   Testimony was given tending to prove these facts.

The defendant claimed that the erasure was made without his knowledge or consent, and the note was therefore void, and gave evidence tending to establish that fact.

The jury found against the defendant upon the facts.

It was the privilege of the plaintiff to show that the alteration of the note was made with the consent of the defendant, or that after it was made the alteration was fully approved of and ratified by him, and any testimony which would legitimately tend to establish either of those propositions was admissible.   *Fitch v. Jones* 5 El. & Bl. 238 ; 2 Pars. Cont. 228 ; 1 Greenl. Ev. § 568*a* ; 2 Daniell's Neg. Inst.  § 1401, and cases cited ; *Grimstead v. Briggs* 4 Iowa 559 ; *Wilson v. Jamieson* 7 Penn. St. 126 ; *National State Bank v. Rising* 11 N. Y. Sup. Ct. (4 Hun) 793 ; *Cariss v. Tattersall* 2 Man. & G. 890 ; *Morrison v. Smith* 13 Mo. 234 ;  *Clute v. Small* 17 Wend. 238 ; *Bowers v. Jewell* 2 N. H. 543 ; *Stout v. Cloud* 5 Litt. 205.

No more than this was done in the testimony given which is made the subject of defendant's first assignment of error, and the same is true of that portion of the court's charge stated in defendant's thirteenth assignment of error.   The charge gives the law upon the subject of ratification as applied to this case correctly.   Such ratification, however, should have been limited by the charge to the sum for which the note was given, and the neglect so to do was error.   Without the erasure the note did not draw interest until after maturity, and liability for interest could not be created by the parol ratification of the altered note.   *Swift v. Barber* 28 Mich. 504.

The plaintiff's ninth request seeks to apply the rule that all conversations and parol treaties, occurring before and at the time the note was made and executed, were merged in the written instrument and were inadmissible as evidence ; but this is a mistake.   The defendant charged a deliberate fraud in making the alteration, and sought to avail himself,

on the trial, of the advantage it would give him against the plaintiff.

In all cases where the question of fraud is involved, the rule contended for has no application. *Mich. Cent. R. R. Co. v. Dunham* 30 Mich. 128; 1 Greenl. Ev. § 284; *Collins v. Blantern* 2 Wils. 374; 2 Stark. Ev. 768: 3 id. 1500; *Kain v. Old* 2 B. & C. 634; *Wright v. Crookes* 2 Scott N. R. 685.

No question seems to have been made before the justice or at the circuit upon the sufficiency of the pleadings in the case. The question is not raised under any assignment of error in this Court. Under the circumstances, I do not think the subject a proper one for our consideration upon this record.

For the error above stated the judgment should be reversed with costs and a new trial granted.

CAMPBELL, J.   I concur in the result.