THE CHRISTIAN COUNTY BANK, Appellant, v. D. H.
GOODE, Respondent.

| 44 | 129 |
| 87 | 372 |

St. Louis Court of Appeals, February 24, 1891.

1.  **Bills of Exchange:** NEGOTIABILITY. The fact that a bill of
    exchange provides for the payment of exchange will not affect its
    negotiability, where the bill is made payable at the place where it
    is drawn.

2.  ————: ————: EFFECT OF PROVISION FOR INTEREST FROM DATE IN
    CASE OF DEFAULT. The fact that a bill provides that it shall bear
    interest from date in case of its non-payment at maturity will not
    affect its negotiability; the requirement that negotiable paper
    should be for a precise amount applies rather to the principal
    amount than to ancillary and incidental additions of interest.

3.  ————: BLANK INDORSEMENT: ALTERATION. While the holder of
    a negotiable instrument assigned by blank indorsement may fill
    up the blank, he has no implied right to make any addition which

will change the nature of the indorsement and liability of the indorser. *Held*, accordingly, that the blank indorsement of a bill of exchange, payable to the order of Thomas E. Hall, could not be changed by the indorsee from "Thomas E. Hall" to "Hall & Co. by Thomas E. Hall," and that, such a change being made, the additions could be treated as surplusage in a suit upon the bill, instituted by the indorsee against the acceptor of it, and the indorsement could be read in evidence as originally made.

*Appeal from the Christian Circuit Court.*—Hon. W. D. Hubbard, Judge.

REVERSED AND REMANDED.

*G. A. Watson*, *J. A. Hammond* and *W. E. Grayson*, for appellant.

(1) The instrument sued on is negotiable; the words "with exchange" are surplusage because the bill was drawn at Rogersville, Missouri, and was payable at the same place. 1 Daniel on Neg. Inst. [3 Ed.] p. 57, sec. 54. Nor do the words, "interest from date if not paid when due," render it non-negotiable. The rule of precision as to amount applies to principal and not to interest. 1 Daniel on Neg. Inst. [3 Ed.] p. 59, sec. 54*a*. The principal is certain in amount, and, therefore, this case is entirely different from those in which the instrument provides for attorney's fees, which makes the principal uncertain and conditional, but belongs rather to that class of cases in which the instrument provides that, "in case the interest be not paid annually to become as principal and bear interest," etc., which are clearly negotiable instruments under numerous decisions of our supreme court. (2) The court committed error in excluding the testimony of Jno. C. Rogers, the cashier of plaintiff, explaining the indorsement as set out above, for parol evidence is admissible to explain an indorsement. Randolph on Com. Paper, sec. 778; *Odell v. Caskey*, 13 Mo. 330; *Morrison v. Smith*, 13 Mo. 234. The indorsement was really an indorsement in blank,

for the payee simply wrote his name across the back of the instrument, and a blank indorsement authorizes the holder to write over it a certain contract fixed by commercial law, and no other, but his doing so does not render the transfer void. Randolph on Com. Paper, sec. 188; *Croskey v. Skinner*, 44 Ill. 321; *Beattie v. Browne*, 64 Ill. 360.

*T. J. Gideon* and *Neville & Cowden*, for respondent.

(1) There was no error in excluding the testimony of Hammond and Rogers. The evidence of plaintiff had already shown that, at the time of purchasing the instrument sued on, and of writing the indorsement, plaintiff, by its agent, Rogers, had understood and regarded itself to be the indorsee of Hall & Co., and, having bought the instrument and placed the indorsement thereon with that understanding, and with the intent to convey their interest, it was bound by the same, and the evidence excluded was immaterial at that stage of the trial. 2 Randolph on Com. Paper, sec. 778. There was no error in refusing to allow plaintiff to read a part of the indorsement and omit other parts; the indorsement as it appeared was a whole and could only be read as it existed. (2) There was no error in any of the rulings of the court, complained of, for the further reason that the instrument sued on is not negotiable. It is a sealed instrument and is non-negotiable for that reason. It provides for the payment of exchange, in case it is not paid when due, and is, therefore, non-negotiable. *Fitzharris v. Leggat*, 10 Mo. App. 527, and authorities cited. It provides for the payment of a penalty if not paid when due. In this respect it is exactly similar to notes containing provisions for attorney's fees, which are non-negotiable. *Bank v. Gay*, 63 Mo. 33; *Bank v. Gay*, 71 Mo. 627; *Bank v. Marlow*, 71 Mo. 618. It is a condition in the nature of a penalty and it is immaterial whether it be called interest or attorney's fees.

BIGGS, J.—The plaintiff sued the defendant on the following instrument:

"Thomas E. Hall, Business Manager,'
"Hall & Company, Kansas City, Mo.
"ROGERSVILLE, MO., July 27, 1889.

"November 1, after date pay to the order of Thomas E. Hall one hundred dollars ($100), with exchange and eight-per-cent. interest from date, if not paid when due, value received, and charge to the account of

"HALL & CO.,

"By THOMAS E. HALL.
"*To D. H. Goode, Rogersville, Mo.*
"Accepted.
"D. H. GOODE."

On the back of the bill was this indorsement:

"Pay Christian County Bank,

"HALL & CO.,

"By THOMAS E. HALL."

The allegation in the original petition was that Hall & Co., by their business manager, Thomas E. Hall, transferred the written order, which the plaintiff designated as a bill of exchange, by indorsement to the plaintiff, and that the transfer was made prior to the maturity of the bill. The defendant admitted his signature, but denied that he executed the paper. He averred that Thomas E. Hall obtained the signature by falsely representing to him that it was only a statement of his property, which under the rules of "Hall & Co." it was necessary for him to give in order to procure the agency for the sale of a certain patent designated as "Hall's Hydro-Carbon Burner," which as Hall claimed was owned by Hall & Co., and that the alleged bill of exchange was a fraud and swindle, and was not supported by any consideration.

On the trial of the cause the plaintiff read in evidence the face of the writing, and offered to read the assignment, which the court excluded on objection made by

defendant. Thereupon the plaintiff by leave of court amended the petition by averring that the alleged bill was transferred to it by Thomas E. Hall, the business manager of Hall & Co. The plaintiff then proved Hall's signature, and that the indorsement was prior to the time specified for the payment of the money, and again offered the assignment in evidence which the court again excluded upon the defendant's objection. The defendant then introduced evidence tending to prove that Hall obtained the instrument through fraudulent practices and representations, and that the whole business on Hall's part was a barefaced swindle. In rebuttal the plaintiff proved by its cashier that Hall transferred the paper to the bank by writing his name across the back, and that sometime thereafter the witness wrote the words: "Pay Christian County Bank. Hall & Co., by." The plaintiff then offered to read in evidence the assignment, except these words: "Hall & Co., by." On the defendant's objection the court refused the offer, and the plaintiff took a nonsuit.

The foregoing is believed to be a sufficient statement for a proper understanding of the legal questions presented by the record.

We are of the opinion that the paper sued on is a negotiable bill of exchange. Some authorities hold that a bill which provides for the payment of exchange is rendered non-negotiable, because the amount to be paid is thus made uncertain, by reason of the fluctuations of the rate of exchange. But all of the adjudicated cases, so far as our research has gone, concede that this rule has no application when the bill is made payable at the place where drawn, for the simple reason that there can be no exchange on such a bill. 1 Daniels on Neg. Inst., sec. 54; *Clauser v. Stone*, 29 Ill. 114; *Hill v. Todd*, 29 Ill. 101.

It will be observed that it is written in the bill of exchange that, if it is not paid at its maturity, it is made to bear six-per-cent. interest from date. It is

claimed that this made the amount uncertain and contingent, and, therefore, rendered the paper non-negotiable. The answer to this is very satisfactorily stated by Mr. Daniels to the effect, that precision in the amount of negotiable instruments applies rather to the principal amount than to the ancillary and incidental additions of interest. 1 Daniels on Neg. Inst. [ 3 Ed. ] sec. 54a.

In opposition to this view the defendant relies on the cases of *First National Bank v. Gay*, 63 Mo. 33 ; *First National Bank v. Marlow*, 71 Mo. 618, and *First National Bank v. Gay*, 71 Mo. 627. In those cases the court held that the instruments sued on were merely choses in action, or ordinary contracts for the payment of money. The judgments of the courts were based on the fact, that the instruments provided that, if the debts were not paid at a specified time, then certain attorney's fees should be paid. This, in the opinion of the court, rendered the principal sums to be paid uncertain and contingent. In those cases the payment of the additional sums for collection necessarily depended upon the action of the holders in placing the instruments in the hands of attorneys for collection. If this was not done, there could of course be no such charge. This made the additional charges a pure contingency, depending entirely on the action of the holders. It seems to us that the doctrine of those cases stands on the border line, and ought not to be extended. As the present case does not come fairly within its scope, we will rule that the instrument here sued on is a bill of exchange.

The action of the court in rejecting the last offer of proof was based, as we assume, upon the idea, that the plaintiff was bound by the action of its cashier in filling up the assignment over the name of Hall, the indorser. It is a well-established rule of commercial law that the holder of a negotiable instrument under a blank indorsement may fill up the blank. *Goodfellow v. Landis*, 36 Mo. 168 ; *Morrison v. Smith*, 13 Mo. 234. But this

implied authority must be confined to such a contract, as the law governing commercial paper authorizes. In the present case Hall is an indorser, and any contract written above his signature must be in accord with his liability as such. For instance, the plaintiff would have no right to change his liability as an indorser by writing a contract of guaranty over his signature. *Croskey v. Skinner*, 44 Ill. 321 ; *Beattie v. Browne*, 64 Ill. 360. The plaintiff's cashier had authority to write over Hall's signature an assignment to his bank, and that was the extent of his authority so long as the bank remained the owner. He could not by his voluntary act turn the individual act of Hall into that of an agent, thereby attempting to engraft on the paper a new contract of indorsement. To this extent the act of the cashier was illegal. But we cannot conceive how this unauthorized act of the cashier can bind anyone, or be made to avoid the actual transfer of the paper. In *Croskey v. Skinner*, *supra*, it was held that the writing of an unauthorized guaranty over an indorsement in nowise affected the contract of assignment. Our conclusion is that the words, "Hall & Co., by," ought to have been treated as surplusage, and the plaintiff ought to have been permitted to read the balance of the assignment in evidence.

With the concurrence of the other judges the judgment of the circuit court will be reversed, and the cause remanded with instructions to proceed in conformity with this opinion. It is so ordered.