## Lowe v. Farnham.

1. Commercial Paper—Assignor's Liability.
Under the statute (Gen. Stats., sec. 107; Mills' An. Stats., sec. 247) the liability of the assignor of a promissory note to payment of the same is conditional, and becomes absolute only in case diligence, when availing, is used against the maker.

2. Guaranty.
When the contract of assignment of a note includes a guaranty of its payment, the guarantor's liability is fixed, and is unaffected by the solvency or insolvency of the maker, or proof of diligence or want of diligence in prosecuting remedies against him.

3. Indorser—Guarantor.
Unless limited by the terms of the indorsement, the liability of an assignor is defined by statute, and that of a guarantor depends on the terms of the guaranty.

*Appeal from the District Court of Arapahoe County.*

Mr. M. B. Carpenter and Mr. W. N. McBird, for appellant.

Messrs. Wolcott & Vaile and Mr. W. W. Field, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

On the 14th day of December, 1888, John J. Carroll executed two promissory notes to Henry P. Lowe, the appellant. On the 27th day of December Lowe sold and transferred the notes to Eunice E. Farnham, the appellee, with the following indorsements on the back of each:

"For value received, I hereby assign and transfer the within note, together with all my interest in all the rights under the mortgage, securing the same to Eunice E. Farnham, of Minneapolis, Minn., and guarantee payment of same.

                    (Signed)      "HENRY P. LOWE."

This action is brought by appellee against appellant upon this guaranty, to recover the amount due upon these notes. Appellee recovered judgment. From this judgment appellant prosecutes this appeal, relying for reversal upon the ground that appellant is liable only as assignor, and, as a condition precedent to recovery against him, it must be averred and proved that a suit had been instituted against the maker of the notes, or that he was insolvent and a suit against him would have been unavailing, as provided in section 107, Gen. Stats. 1883, and that for lack of such averments the complaint in this case failed to state a cause of action. While it is true that under the section of our statute above cited the liability of an assignor of a promissory note is conditional and becomes absolute only in case diligence, when availing, is used against the maker, yet when, in addition to assigning the note, he assumes the character of guarantor, and by his indorsement agrees to pay absolutely, his liability is fixed by his contract of guaranty, and is unaffected by the solvency or insolvency of the maker, and such liability may be enforced without proof of diligence against the maker.

Our statute was taken literally from the statutes of Illinois, hence the Illinois decisions are particularly in point upon this question. In *Croskey v. Skinner*, 44 Ill. 321, it is said :

"It is also true, that the contract of assignment, and that of guaranty, are not the same, but are two separate and distinct contracts. On the contract of assignment, the indorser only becomes liable in the event that the money cannot be made by legal proceeding, while under the contract of guaranty he becomes liable unless the terms of the guaranty are performed. The liability of an assignor is fixed by the stat-

ute, unless limited by the terms of the indorsement. On the other hand, that of the guarantor depends entirely on the terms of the contract of guaranty."

To the same effect are : *Heaton v. Hulbert*, 3 Scam. 489 ; *Hance v. Miller*, 21 Ill. 636 ; *Parkhurst v. Vail*, 73 Ill. 343 ; *Gage v. Mechanics' Nat. Bank of Chicago*, 79 Ill. 62.

We find no case to the contrary. The guaranty in this case being an absolute contract to pay the money expressed in the notes, at their maturity, the liability of appellant in no degree depended upon the diligence of appellee in prosecuting her remedies against the maker.

The ruling of the court below being in conformity with this view of the law, and this being the only error relied on for reversal, its judgment must be affirmed.

*Affirmed.*