## STUDEBAKER BROTHERS MANUFACTURING COMPANY, Respondent, v. F. M. DAVIS et al., Appellants.

### Kansas City Court of Appeals, May 17, 1909.

1. **REPLEVIN: Justices' Courts: Circuit Court: Statement: Affidavit.** In a justice's court the statement and affidavit in replevin need not be separate instruments but may be in the form of a verified statement and is sufficient if it follows the statute, nor is it deficient in failing to state whether plaintiff's interests were general or special as is required in a petition filed in the circuit court.

2. **——: Execution: Action: Notice.** When one's property is levied on under an execution against another party he may give notice and proceed under section 4043, Revised Statutes 1899, or may bring replevin without notice.

3. **BILLS AND NOTES: Usury: Interest.** Where a note is drawn and made payable at the same place there can be no exchange and words providing for payment in exchange are meaningless and should be disregarded and not held, without evidence to that effect, to be a devise for extorting usury. Besides such note could be discharged in lawful money when due.

Appeal from Jackson Circuit Court.—*Hon. Sanford B. Ladd,* Special Judge.

AFFIRMED.

*W. F. Riggs,* for appellant, filed argument.

*S. M. Hutchison,* for respondent, filed argument.

JOHNSON, J.—Action in replevin brought before a justice of the peace in Jackson county to recover possession of a wagon. At the close of the evidence in the

circuit court where the cause was taken by appeal, a verdict for plaintiff was peremptorily directed by the court and the cause is here on the appeal of defendants. The wagon was sold by plaintiff in Kansas City to one Staples who executed and delivered to plaintiff his promissory note for a part of the purchase price and secured payment of the note by a chattel mortgage on the wagon. This transaction occurred May 1, 1907, and on May 3d plaintiff filed a copy of the mortgage in the office of the recorder of deeds of Jackson county. On June 18th defendant Davis recovered a judgment against Staples in a justice court of Jackson county and caused an execution to be issued and placed in the hands of defendant Burgess, a constable who seized the wagon under the writ. Plaintiff then brought this suit by filing a statement with the justice as follows:

"*State of Missouri, County of Jackson, ss.*

"Before James B. Shoemaker, Justice of the Peace, Kaw Township, Jackson County, Missouri. Studebaker Bros. Mfg. Co., a corporation, plaintiff, v. F. N. Davis and J. W. Burgess, Constable Westport Township, Jackson County, Missouri, Defendants.

"C. A. Thurber, of lawful age, being duly sworn, says he is the duly authorized and acting agent of Studebaker Brothers Manufacturing Company, a corporation, and makes this affidavit for and in its behalf, and states that plaintiff is lawfully entitled to the possession of one No. 974 World driving wagon, piano box body, whip cord, trim red gear, wheels thirty-six and forty inches high, cushion, rubber tires, shafts, of the value of eighty dollars; that the same is wrongfully detained by the defendant at the county of Jackson aforesaid; that the same has not been seized under any process, execution or attachment, against the property of the plaintiff, the said property has been injured, and that for the taking and detention of said property, and for all injuries thereto, the plaintiff is damaged . . . dollars.

"Plaintiff further states that he will be in danger of losing said property unless it be taken out of the possession of the defendant. Wherefore plaintiff prays judgment for the recovery of said property and . . . dollars for the taking and detention thereof, and all injuries thereto.      C. A. THURBER."

This statement was verified by the affidavit of C. A. Thurber who was plaintiff's credit man.

In actions of this character brought before a justice of the peace, the statement and affidavit need not be separate instruments but may be incorporated together in the form of a verified statement. It suffices if they follow the form given in section 3902, Revised Statutes 1899. The pleading before us is sufficient since it conforms to that section and contains the averments prescribed in the preceding section. It is not defective because of the omission of an averment that plaintiff had a general or a special interest in the property. Such averment is indispensable in a replevin petition filed in the circuit court, but is not required in an action brought before a justice of the peace. [Section 3901, Revised Statutes, 1899; Harmon v. Iden, 88 Mo. App. 315; Manufacturing Co. v. Jones, 60 Mo. 219; Randol v. Buchanan, 61 Mo. App. 445; Dillard v. McClure, 64 Mo. App. 488; Rosentreter v. Brady, 63 Mo. App. 398.]

It was not required of plaintiff as defendants contend, to give the notice provided for in section 4043, Revised Statutes 1899, before bringing suit to replevin. Indeed, plaintiff would have lost its right to replevin the wagon had it followed the course allowed by that statute. [Talbot v. Magee, 59 Mo. App. 347; Hawk v. Applegate, 37 Mo. App. 32.] Two remedies were open to the choice of plaintiff. It could avail itself of the provisions of section 4043, in which case it would have to give notice to the constable, or it could bring suit in replevin, in which case notice would not have to be given. [Bradley v. Holloway, 28 Mo. 150; Hambleton

Studebaker Bros. Mfg. Co. v. Davis.

v. Lynch, 32 Mo. 259; Criley v. Vasel, 52 Mo. 445; Wangler v. Franklin, 70 Mo. 659.]

The note and mortgage were drawn and dated at Kansas City. The note bore interest from date at the rate of eight per cent per annum and was made payable at plaintiff's office at Kansas City in exchange on New York or Chicago. Defendants argue that since the note called for interest at the highest legal rate and in addition imposed the expense on the maker of buying exchange with which to make payment, the contract thus expressed was usurious and the mortgage void. The rule is well settled that where, as here, a note or bill of exchange is drawn and made payable at the same place, there can be no exchange and words providing for payment in exchange are meaningless and should be disregarded. [Chandler v. Calvert, 87 Mo. App. l. c. 372; Bank v. Goode, 44 Mo. App. 129.] There may be instances such as that considered in Price v. Lyons Bank, 33 N. Y. 55, where provision for exchange is used as a device for the extortion of usury, but there is no suggestion of any such purpose in the present transaction, and we think the provision in the contract for exchange should be treated as meaningless. The maker of the note had the right to pay it in lawful money when due.

Other points are advanced by defendants, but they are all too devoid of merit to require special notice. The case was correctly tried and the judgment is for the right party. Accordingly, it is affirmed. All concur.