DAVID N. LOWE, Plaintiff in Error, *v.* GEORGE BLISS *et al.,* Defendants in Error.

ERROR TO KANKAKEE.

A declaration which describes the note sued on, without any place of payment, is not sustained by a note which is payable specifically at a place named; and the variance is fatal.

A note or bill of exchange must be for a specific sum of money, or for a sum that may be ascertained by computation, independent of all extrinsic evidence.

"The current rate of exchange" must be proved extrinsically. The court cannot take judicial notice of it.

A written promise for the payment of a specified sum of money, "with the current rate of exchange on New York," is not a promissory note, and a consideration for such promise must be proved.

A defendant who has allowed a written instrument to be given in evidence, without objection, must be held to have admitted that it is evidence, and that it is duly executed, but not that it is sufficient evidence.

THIS was an action in assumpsit. Declaration filed December 4th. Counts: 1st. On a promissory note of plaintiff in error, (defendant below,) dated July 28, 1858, made at New York, promising "to pay Geo. Bliss & Co.," (defendants in error,) "plaintiffs, the sum of two hundred and twenty-two and 47-100 dollars, with the current rate of exchange on New York, for value received, in ninety days after the date thereof," alleging non-payment. 2nd. The common counts for goods sold, money lent, had and received, and an account stated.

With declaration, copy of note sued on, as follows:

$222.47-100.                                    *New York, July* 28, 1858.

Ninety days after date, I, the subscriber, of Aroma, county of Kankakee, State of Illinois, promise to pay to the order of George Bliss & Co., two hundred — twenty-two and 47-100 dollars, at the Kankakee Bank, Kankakee, Ills., value received, with current rate of exchange on New York.

DAVID N. LOWE.

Defendant pleaded the general issue.

The issue was tried by the court, jury waived, and finding for plaintiffs below, for $227.28.

Motion for new trial overruled, and judgment for verdict and costs, and thirty days given to file bill of exceptions.

On the trial, the following note, defendant objecting, was received in evidence by the court, which was all the evidence offered:

$222.47-100.                                    *New York, July* 28, 1858.

Ninety days after date, I, the subscriber, of Aroma, county of Kankakee, State of Illinois, promise to pay to the order of George Bliss & Co., two hundred *and* twenty-two and 47-100 dollars, at the Kankakee Bank, Kankakee, Ills., value received, with current rate of exchange on New York.

Indorsed as follows:                        DAVID N. LOWE.

　　　　Geo. Bliss & Co.
　　　　J. H. Woodworth.

Defendant excepted to the admission of this evidence.

It was then agreed " that current rates of exchange on New York are one and one-fourth per cent on the dollar."

Defendant below excepted to the overruling of the motion for a new trial.

T. L. DICKEY, for Plaintiff in Error.

R. N. MURRAY, for Defendants in Error.

WALKER, J.   It is first objected that the instrument read in evidence, varies from that described in the declaration, and should have been excluded.   That set out in the special count is described as payable at no specified place, whilst that read in evidence is payable at the Kankakee Bank, Ill.   There was a clear and material variance between the two instruments.   A note payable at a specified place is essentially different from one which is payable generally.   It has been repeatedly held, that a note described in the declaration, without any place of payment, is not sustained by a note which is payable specifically at a place named, and that such a variance is fatal.   *Hodge* v. *Fillis*, 3 Camp. R. 463 ; *Sebur* v. *Dorr*, 9 Wheat. 558.   This instrument should therefore have been excluded as evidence under the special count.

The question is then presented whether this instrument was admissible under the common counts without proving a consideration.   Promissory notes, bills of exchange, and sealed instruments, all import a consideration, and when they form the basis of an action, a consideration need neither be averred nor proved, but it is not so with other instruments.   This instrument is not under seal, nor is it a bill of exchange.   Was it a promissory note ?   That is defined to be " a promise or agreement in writing to pay a specified sum, at a time therein limited, or on demand, or at sight, to a person therein named, or to his

order, or to the bearer." Chit. on Bills, 516. Bayley on Bills, p. 1, defines a promissory note to be a written promise to pay money absolutely and at all events. And in the application of the rule the doctrine seems to be adhered to with entire unanimity, that a note or bill must be for a specific sum, or at least for a sum that may be ascertained by computation, independent of all extrinsic evidence. If an instrument be for a specified sum of money, and also for the payment of something else, the value of which is not ascertained, but depends upon extrinsic evidence, it would not be a bill or note. Had this promise been for the sum of money named, and for the value of four days' labor, no one would have supposed it to be a promissory note, because proof would have to be resorted to for the purpose of ascertaining the value of the labor, and consequently it would not be for a specified sum of money. Such a promise leaves the sum agreed to be paid wholly uncertain. We know that the current rate of exchange between commercial points is fluctuating, and subject to constant change, depending upon the balance of trade and other causes incident thereto. It is as subject to fluctuation as the value of labor or the price of grain, cattle, or other articles of property. And it has never been held that a court may judicially fix the price of any of those commodities independent of proof, and yet to do so, would be no more unreasonable than to take judicial notice of the rate of exchange between different commercial places. We are aware of no decision that has ever held that a court may take notice of such facts, nor has any decision been referred to which holds such an instrument to be a promissory note. Nor can it be successfully urged that custom has changed the law and rendered such instruments valid promissory notes. These instruments owe their negotiability and evidence of the receipt of a consideration to the operation of the statute, and not to the common law. Prior to the adoption of the statute of Anne, in Great Britain, and our statute regulating negotiable instruments, they, neither in that country nor in this State, possessed such qualities. And under the British statute they must be for the payment of a certain specified sum of money, and so under our statute, and not mere mutual agreements or covenants to have that effect.

Unless the instrument declared upon possesses all the qualities of a bill or note, or be under seal, if declared upon specially, a consideration must be averred and proved, or if offered under the common counts, it must be proved, to authorize a recovery. This instrument being a simple contract not under seal, and neither a note or bill, is subject to all the rules which are applied to other simple contracts. When it was offered under the common counts, as it imports no consideration, to

authorize a recovery, a sufficient consideration should have been proved. When offered under the common counts, it dispensed with no proof that would have been required under a properly framed special count. It, unlike a note or bill, afforded no evidence of either money lent, advanced, or had and received to the use of the plaintiff.

But it is insisted that no objection was made when it was offered in evidence on the trial below, under the common counts, and all objections must be considered as waived. When the defendant permitted it to be read without objection, he must be held to have admitted that it was evidence, and that it was duly executed, but not that it was sufficient evidence to warrant a recovery. It certainly was evidence, and had there been further evidence of the consideration upon which it was based, then a recovery would have been proper, but for the want of such additional proof, the defendant may be held to insist that the evidence, although legitimate, is insufficient. The bill of exceptions embodied in the record, states that it contains all the evidence, and we cannot presume that there was any proof of a consideration, and in its absence, the court erred in rendering a judgment in favor of the plaintiffs below.

The rate of current exchange on New York was fixed by agreement of the parties, and proof as to that fact was thereby rendered unnecessary. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*

BREESE, J. I am of opinion the note was evidence under the common counts, and negotiable, as any other note.