JOHN HILL, Plaintiff in Error, v. A. H. TODD, Defendant in Error.

29 101
207 ¹132
207 ¹133

ERROR TO SUPERIOR COURT OF CHICAGO.

A note expressed to be payable with current rate of exchange, at the place where it is drawn and is to be discharged, is payable in coin, and there is no rate of exchange connected with it; these words are without significance.

The words for " value received" in a note, imply a consideration, and unless the question of consideration is expressly put in issue, the note proves the fact.

THIS was an action of assumpsit on this note :

$240.55.         CHICAGO, Oct. 10, 1861.

 One day after date, we, the subscriber, of Wenona, county of Marshal, State of Ill., promise to pay to the order of Buell, Hill & Granger, two hundred and forty 55-100 dollars, at their office, value received, with current rate of exchange, and interest at ten per cent. after due, until paid.

      (Signed)     A. H. TODD.

On the back is written as follows :

          " W. & J. TODD & CO."
" Pay to the order of John Hill.

        BUELL, HILL & GRANGER."

Plea, general issue.

Motion to strike plea from files. Overruled.

Jury waived, and by agreement the cause was submitted to the court.

The court found issue for defendant, and plaintiff excepts, and enters his exception.

On trial of the case before the court upon the issues joined, plaintiff offered in evidence the promissory note described in plaintiff's declaration, a copy of which is herein given; which note was read in evidence, with the indorsements thereon, the same as shown by copy attached to plaintiff's declaration.

Whereupon the plaintiff rested his case.

The counsel for defendant objected to the court giving judgment, for the reason that neither count in the declaration averred consideration for the promise of said defendant, and for the reason that the note given in evidence is payable with exchange, and is not for a sum certain, and is not evidence sufficient for said plaintiff to maintain said action.

There being no further evidence for either party, the court found the issue for defendant, and rendered judgment for the defendant for his costs to be taxed.

S. S. SMITH, HART & CLYDE, and E. A. STORRS, for Plaintiff in Error.

Cited, 1 Blackford, 14 ; Bacon's Abridgment, 769 ; 19 New York R. 134.

J. W. WESTCOTT, for Defendant in Error.

The instrument sued on is not negotiable. Notes are only negotiable by statute, and not by common law. Until the statute 3 and 4 Anne, c. 9, notes were no more assignable than ordinary contracts. *Lowe* v. *Bliss*, 24 Ill. 168.

No custom of merchants to that effect, as will be claimed by plaintiff, could ever be relied on before or since statute of Anne. See Edwards on Bills of Exch. and Prom. Notes, 53 ; 6 Mod. 29 ; Lutw. 88 ; 3 Mod. R. 86 ; 2 Miles (Penn.) R. 442 ; 2 Starkie, 375 ; 4 B. & A. 619 ; 4 B. Moore, 471.

A consideration should have been stated in the declaration. It should have been shown by facts to be valuable. 3 Bibb, 115 ; 5 Har. & J. 284 ; 2 Stew. 472.

WALKER, J. The note upon which suit was brought in this case, was dated at Chicago, due one day after date, payable to Buell, Hill & Granger, at their office, with current rate of exchange. The note was indorsed to plaintiff in error. On the trial below, the note was alone read in evidence, when the court found the issues in favor of the defendant, and rendered judgment, for costs, against the plaintiff.

It is urged in affirmance, that as the note is expressed to be payable with exchange, that it is not for a sum certain, and that a recovery could not be had without proof of a consideration. There could be no such thing as exchange, on this note. Exchange is the difference in the value of the same sum of money at two different and distant places or countries. If the coins of the two places are of equal fineness and weight, there can be no difference in their value, except the expense

of transporting from one place to the other, which would consti-
tute the rate of exchange between the places.  It is said, that
the relative abundance or scarcity of money is what forms the
exchange between those countries.  This doubtless enters
largely into, and probably is, a material circumstance deter-
mining the rate of exchange.  Yet the necessity of transmit-
ting from one place to another, without reference to its abun-
dance or scarcity, has no doubt a more controling influence
on the rate, than any other circumstance.  The exchange in
favor of the country to which the greater quantity, to balance
trade or for other demands, has to be transferred, will be
greater than in the country from which it is remitted.

This note was payable in current coin, and when it was
paid at the office of the payee, there could be no exchange on
that place, as there was no cost of transfer of the funds.  The
money, when paid, would be at the place where it was wanted,
as appears by the note, as it was made payable at that place.
Had the money been payable with exchange on a distant
place, it would have been otherwise.  *Lowe* v. *Bliss*, 24 Ill.
168.  When the money was, however, paid at the place speci-
fied, there could be no exchange on that place.

The language, " with current rate of exchange," in this note,
is therefore without meaning, and should be rejected as sur-
plusage.

This was, then, a negotiable note, and being so, it imported
a consideration.  But even if it was not so, the maker ac-
knowledged that he had received value for its execution, and
until that admission was rebutted, there was on the face of the
note evidence that it was given for value.  This is the extent
of what was intended to be said in the opinion in the case of
*Lowe* v. *Bliss*.  It is held, in the case of *Bilderback* v. *Bur-
lingame*, decided at the last term at Springfield, that the words
"value received" import a consideration.  When found in a
note, they fully sustain the averment of a consideration in a
declaration.

The judgment of the court below is reversed, and the cause
remanded.

                                        *Judgment reversed.*