## Charles L. Hoyt, Plaintiff in Error, *v.* John R. Jaffray *et al.*, Defendants in Error.

### ERROR TO AURORA COURT OF COMMON PLEAS.

An instrument in writing which declares that it was given "for value received," although "payable with current rate of exchange on New York," is evidence of consideration to support a declaration in assumpsit in the usual form; unless the question of consideration is directly put in issue by pleading.

This was a declaration in assumpsit upon the following instrument of writing, called a promissory note:

$1,139.92.                              New York, March 30, 1861.

Six months after date, I promise to pay to the order of Messrs. J. R. Jaffray & Sons, eleven hundred thirty-nine and 92-100 dollars, value received, at W. H. Miller's Bank, Aurora, Ill., with current rate of ex. on N. Y.

C. L. HOYT.

Declaration was in usual form, and contained common counts.

The general issue only was pleaded.

Trial before the court without the intervention of a jury.

The bill of exceptions shows that the above written instrument was all the evidence on the trial; and defendant objected to the same.

The court found for the plaintiff. Motion for new trial, overruled, and a judgment was rendered for the amount of the note.

Errors assigned, are—in overruling defendant's objection to the introduction of the instrument declared upon; in rendering judgment against said defendant upon the evidence; and in overruling the defendant's motion for a new trial.

L. R. Wagner, and Leland & Blanchard, for Plaintiff in Error.

B. C. Cook, for Defendants in Error.

Walker, J. This was an action of assumpsit, on an instrument for the payment of $1,139.92, payable in six months, with current rate of exchange on N w York. It was pay-

able at Miller's Bank, at Aurora, Illinois, to the order of defendants in error, and expresses on its face, to have been given for value received. The point relied upon to reverse the judgment of the court below, is, that there was no evidence beyond the note itself, of a consideration, to support the averment of the declaration. In support of this position, the case of *Lowe* v. *Bliss*, 24 Ill. 168, is referred to as authority. In that case, the rule contended for was announced; but in subsequent cases, it has been overruled. *Bilderback* v. *Burlingame*, 27 Ill. 338, and *Hill* v. *Todd*, *ante*, 101. The words "value received" render further proof unnecessary, unless its failure is put in issue by plea. The court below decided correctly in rendering judgment, on the evidence, and it must be affirmed.

*Judgment affirmed.*