## N. H. DILLINGHAM v. ENOS HOOK, et al.

1. PLACE OF PAYMENT; *Invalid Law.*  Any law that attempts arbitrarily to change the place of payment of negotiable paper, after its sale and transfer, cannot be upheld, as the place of payment is a part of the contract, and a law which changes the terms of a contract impairs the same.

2. FISCAL-AGENCY ACT—*Place of Payment, Not Changed by.*  Where the bonds of a county of the state of Kansas are payable upon their face at a particular bank in the city of New York, and such bonds were executed and delivered prior to the passage of the act entitled "An act to provide for the establishment of a fiscal agency for the state of Kansas in the city of New York, and prescribing the duties of officers in relation thereto," approved March 6, 1874, said act cannot change the place of payment of the bonds of the county; and its provisions requiring the treasurer of the county by which the bonds were executed, to remit to the fiscal agency of the state—being a place different from that where the bonds are payable—sufficient moneys for the payment of the bonds at the agency, is unconstitutional, and void.

*Error from Leavenworth District Court.*

ACTION by *N. H. Dillingham* against *Enos Hook,* upon his bond as treasurer of Leavenworth county, and the sureties thereon.    Judgment for the defendants at the December Term, 1883.    Plaintiff brings the case here.    The material facts appear in the opinion.

*L. B. Wheat,* and *J. D. Shafer,* for plaintiff in error.

*Lucien Baker,* and *William C. Hook,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Plaintiff commenced his action against the defendants to recover the sum of $10,120, upon the official bond of Enos Hook, as treasurer of Leavenworth county, and alleged in his petition, among other things, that he was the owner of five court-house bonds, each of the denomination of $1,000, executed on June 1, 1873, by the county of Leavenworth, and payable June 1, 1883; that on said last date and and again on September 26, 1883, he presented to Enos Hook, as such county treasurer, at his office in the county of Leavenworth, the said bonds, and demanded payment thereof; that said Hook then paid on one of said bonds the sum of $121.97, but refused to pay any other sum; that on October 12, 1883, he again presented the bonds for payment at the Importers and Traders National Bank in New York city, and also at the bank of Donnell, Lawson & Simpson, the fiscal agency for the state of Kansas in said city, and demanded payment thereof; that payment at each of said places was refused; that at the said several dates the said Hook had in his hands and under his control $24,338.61, of the moneys of Leavenworth county, levied and collected to pay the said court-house bonds of said county.

The plaintiff further alleged in his petition, that said Hook did not remit to the fiscal agency of the state of Kansas in the city of New York, nor to any other bank or agency in said city, fifteen days before the 1st or 4th of June, 1883, or before the maturity of said bonds, or at any other time, any moneys for the redemption of the said bonds, but on the contrary, neglected and refused to remit to the state agency in New York city any moneys, and thereby neglected and refused to perform the duties imposed upon him by the act of the legislature of the state, entitled "An act to provide for the establishment of a fiscal agency for the state of Kansas in the city

of New York, and prescribing the duties of officers in relation thereto," approved March 6, 1874. The defendant, Hook, filed a motion requiring the plaintiff to separately number and state his several pretended causes of action. This motion was sustained to the extent that the plaintiff was required to separately state and number the matters set forth in his petition as two causes of action. Afterward the plaintiff, to comply with the order of the court, filed a new or amended petition, and for a second cause of action stated that the said Enos Hook neglected and refused to perform the duties imposed upon him by the act of the legislature of the state of Kansas, entitled "An act to provide for the establishment of a fiscal agency for the state of Kansas in the city of New York, and prescribing the duties of officers in relation thereto," approved March 6, 1874, whereby and because of the matters and things stated in the petition, the said Hook and the other defendants had become liable to the plaintiff in a sum double the amount of the bonds mentioned in the petition, to wit, the sum of $10,-120. Thereupon, Hook filed a motion to strike from the files of the court the petition as corrected, and also filed a demurrer to the second cause of action set out in the petition as amended, upon the ground that it did not state facts sufficient to constitute a cause of action. The other defendants also filed their demurrer to the second cause of action, for a like reason. Subsequently the defendant, Enos Hook, filed a further demurrer, alleging that there were several causes of action improperly joined in the amended petition. The court overruled the motion to strike from the files the petition as corrected, but sustained the several demurrers of the defendants. Thereafter the defendants filed their answer to the first cause of action alleged in the petition, and the plaintiff filed his reply thereto. To the action of the court in requiring the plaintiff to amend his petition, and in sustaining the demurrers, the plaintiff excepted, and brings the case here.

The bonds were executed and delivered in 1873. The fiscal-agency act was passed in 1874, and took effect March 19, 1874. The principal question in this case therefore is,

whether the fiscal-agency act is applicable to the bonds in controversy; in other words, was Enos Hook, as treasurer of Leavenworth county, required by that act to remit to the state agency of Kansas in New York, fifteen days before the maturity of the bonds described in the petition, of the moneys of Leavenworth county in his possession as treasurer, sufficient thereof for the redemption of the bonds, and in addition thereto, the commission prescribed by the statute for the disbursement of the money so transmitted? Section 3 of that act reads:

"From and after the passage of this act, the state treasurer and all county, township and city treasurers, are authorized and required to remit to the state agency, at least fifteen days before the day of maturity of any bonds or coupons payable in New York city, sufficient moneys for the redemption of such bonds or coupons to be paid by them respectively, and in addition thereto a commission not exceeding one-fourth of one per cent. for the disbursement of the same; and all expenses for such commissions, and exchange or express charges and postage, shall be a proper charge against the state or against the county, township, city, or school district for which it is remitted, and shall be allowed the treasurer in his settlements."

And § 5 reads:

"It shall be the duty of the auditor of state, immediately after the establishment of the agency provided for in this act, to publish a notice of the same in some newspaper of general circulation in the city of New York, for two weeks, and thereafter all bonds and coupons of the state, or any county, township, city or school district in the state, which are by their terms payable at a particular bank in said city, shall be paid at the state agency."

The bonds set forth in the petition were by their terms payable at the Importers and Traders National Bank, in New York city. Was it competent for the legislature as to negotiable county bonds, already delivered, payable at a particular bank in New York city, to authorize the payment of such bonds at another bank to be designated by the state officials? We think not. The state legislature cannot impair the contract by changing the time and manner of its perform-

ance. By the contract, the parties have fixed their rights and obligations, and this is regarded by the constitution. A note or bond payable at a specified place is essentially different from one which is payable generally. (*Howe v. Bliss*, 24 Ill. 168; Chitty on Bills, 566; *Childs v. Laflin*, 55 Ill. 159.)

If a county gives its negotiable bonds to pay certain moneys on or before a specified day at a bank named in the bonds, the place of payment is a part of the contract, and a law which changes the terms of the contract, or releases a part of its obligation, impairs the contract. If the act of 1874 is to be construed as requiring payment of the court-house bonds of Leavenworth county, executed before the taking effect of that act, at the fiscal agency of the state in New York, the same being a place different from that stated in the bonds, the act must be held unconstitutional and void, as any law that arbitrarily changes the place of payment of negotiable paper after its execution cannot be upheld, because it attempts to change the terms of the contract; and the state legislature can no more change the place of payment of negotiable paper than it can alter any other of the provisions of the contract. (*Bronson v. Kinzie*, 1 How. [U. S.] 311; *Bank v. McVeigh*, 20 Gratt. 457.)

If the legislature of Kansas can make the bonds of Leavenworth county payable at the fiscal agency of the state in New York, when the bonds upon their face are payable at a particular bank in New York city, it has the authority to make them payable at any bank in Leavenworth city. This it cannot do, because such a change would deprive the holders of the bonds of the legal rights contracted when they purchased the same. The changing of the place of payment of negotiable paper already delivered, by an act of the legislature, is a very different thing from the state passing a law merely changing the remedy upon a contract, which is held not to be liable to any constitutional objection. (*Bronson v. Kinzie*, supra.)

Counsel for plaintiff contend, however, that the treasurer of Leavenworth county is not in a position to challenge the valid-

ity of the act of 1874, first, because it was his duty to remit the money as required by said statute, and leave the constitutionality of the question to be taken care of by the state, county, or the fiscal agency; second, that as he had not transmitted the money to the Importers and Traders National Bank of New York, where the bonds were payable, it is no excuse for him to say that he did not transmit it to the fiscal agency on account of the unconstitutionality of the act of 1874. The answer to this argument is, that the second alleged cause of action is for the recovery of a sum double the amount of the bonds described in the petition, for the neglect and refusal of the said treasurer of Leavenworth county to comply with the provisions of the act of 1874. It is immaterial, so far as the second alleged cause of action is concerned, whether the treasurer had or had not transmitted moneys to the Importers and Traders National Bank of New York. If the act of 1874 was unconstitutional as to the bonds in suit, he had the right to wholly disregard it. If he could rightfully disregard it, no action can be maintained for his neglecting or refusing to perform the duties imposed thereby. The act of 1874 being, in our opinion, unconstitutional as to these bonds, the said treasurer is not liable thereunder for neglecting or refusing to remit to the state agency in New York. As the treasurer is not liable, his sureties upon his official bond are also not liable. As the second alleged cause of action states no facts sufficient to constitute a cause of action against the defendants, or either of them, the district court committed no error in sustaining the demurrers thereto.

With the conclusion obtained, the other questions in the case are unimportant.

The judgment of the district court must be affirmed.

All the Justices concurring.