## DWIGHT L. SMITH
### v.
## JOHNSTON MYERS.

*Opinion filed February 17, 1904.*

1. BILLS AND NOTES—*law of place where note was delivered controls liability.* In an action on a negotiable instrument the law of the place where the same was delivered and negotiated controls in determining liability thereon.

2. SAME—*endorsement upon back of non-negotiable instrument creates no liability as an endorser.* The signing by a third party of his name upon the back of a contract for the payment of money, which is not a negotiable instrument, does not create the liability of an endorser or guarantor within the law merchant.

3. SAME—*when an instrument is not a promissory note.* A written promise for the payment of a sum of money, with interest "and taxes," is not a promissory note, where there is nothing in the instrument which renders the amount of such taxes certain.

4. SAME—*when word "taxes" in written instrument cannot be rejected as surplusage.* The word "taxes," used in a written promise to pay a sum of money, with interest and taxes, refers to the taxes upon the instrument or the debt evidenced thereby, and is not so indefinite and uncertain as to be rejected as surplusage.

*Smith* v. *Myers,* 107 Ill. App. 410, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

HOYNE, O'CONNOR & HOYNE, for appellant.

BLEWETT LEE, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District affirming a judgment of the circuit court of Cook county against appellant for costs in a suit brought by appellant, against appellee, in an action of assumpsit. The action was upon the following instrument in writing:

"WATERBURY, CONN., *Aug. 1, 1893.*

"One year after date I promise to pay to the order of Norman D. Grannis thirty-five hundred dollars at the Fourth National Bank. Value received, with interest at six per cent per annum and taxes. Due August 1, 1894.          W. C. MYERS."

Endorsed on the back as follows:

"Feb. 8, 1894, rec'd $532.87 on within note.
"Dec. 3, 1894, rec'd on within note $49.23.
"Dwight L. Smith, Aug. 3d, 1893.
"Rev. Johnston Myers, Cin., O., July 31, 1893.
"N. D. Grannis."

The declaration contained two special counts and the common counts. The first special count was by appellant as second endorser and against appellee as first endorser. The second special count was by appellant as endorser or assignee of the note against appellee as endorser. The averment in each count was that the endorsement was made before the delivery of the note; that the contract was made and delivered at Waterbury, Conn., and that by the laws of that State the blank endorsement of a negotiable or non-negotiable note by a person who is neither its maker nor its payee, before or after its endorsement by the payee, shall import the contract of an ordinary endorsement of negotiable paper, as between such endorser and the payee or subsequent holder of such paper.

When the instrument and the endorsements sued on were offered in evidence, objection thereto was made by counsel for appellee, first, on the ground of variance between the instrument and the declaration; second, because a material alteration appears to have been made by adding the words "Aug. 3d, 1893," after the signature "Dwight L. Smith;" third, because it appears from the note that Smith is a prior endorser, and therefore can not recover from Myers, a subsequent endorser; and fourth, because the words "and taxes" make the amount due uncertain and deprive the note of negotiability. A

specific objection was made to the words "Aug. 3d, 1893," after the signature of Dwight L. Smith, upon the ground that such words were, in effect, the offering of parol evidence to change or vary the effect of Smith's endorsement. To these objections the court ruled, "For the present I will admit the note in evidence." Appellant then proved, by depositions, that the payee and maker of the note, as well as appellant, all lived, at the time of the execution and delivery of the instrument, in Waterbury, Conn., and also proved that after the time of payment arrived, payment was not made by the maker and protest was had for non-payment; that the amounts appearing as credits upon the instrument were paid by the trustees of the maker, the latter having become insolvent, and that appellant paid the balance due thereon at the time he received the note. There was no proof of any consideration having been paid appellee for his endorsement.

Appellee introduced in evidence sections 1860 and 3828 of the general statutes of Connecticut in force January 1, 1888, as follows:

"Sec. 1860. The blank endorsement of a negotiable or non-negotiable note by a person who is neither its maker nor its payee, before or after the endorsement of such note by the payee, shall import the contract of ordinary endorsement of negotiable paper, as between such endorser and the payee or subsequent holders of such paper."

"Sec. 3828. Personal property in this State or elsewhere, not exempt by its title, shall, for the purpose of taxation, include all notes, bonds and stocks," etc.

Appellant offered to prove a certain conversation between him and the maker of the note at the time he became an endorser, for the alleged purpose of showing that it was a condition of his endorsement that appellee should also endorse, and further offered to prove by certain alleged letters of appellee that appellee had recognized or admitted some liability to appellant by reason

of having endorsed the instrument, and had made cer-
tain offers of settlement. This evidence was excluded
by the court.

The trial was before a jury, and appellant asked the
court to instruct the jury to find a verdict for him. This
instruction the court refused, and at the request of ap-
pellee gave an instruction to find the issues for the de-
fendant, which was done and judgment for defendant for
costs was accordingly entered.

Numerous errors are assigned, among which are the
refusal of the court to admit the excluded evidence men-
tioned and the admission of certain evidence on behalf
of appellee, and the refusal of the court to give the in-
struction asked by appellant directing a verdict in his
behalf and the giving of the instruction as requested by
appellee.

The contention of appellant is that the instrument
sued on is a promissory note, carrying with it all the
legal effects and incidents of such writing, while the ap-
pellee contends that said instrument is only an ordinary
contract for the payment of money, and not a promissory
note, because of the addition of the words "and taxes,"
following the provision for interest and preceding the
name of the maker.

If the instrument sued on is a promissory note, we
think the clear legal inference from the facts shown by
the record is that it was delivered at Waterbury, Conn.,
and the rule seems to be, that in an action upon a nego-
tiable instrument the law of the place where the same
is delivered and negotiated is to control in determining
the liability, if any, thereon. (*Gay* v. *Rainey*, 89 Ill. 221.)
And the place where a contract is made depends, not
upon the place where it is actually written, but on the
place where it is delivered, as consummating a bargain.
(1 Daniel on Neg. Inst. 660.) Under the statute of Con-
necticut, as introduced in evidence, if the instrument in
question can be held to be a promissory note, the rela-

tion between appellant and appellee to the same was
that of endorsers and not of guarantors, (*Spencer* v. *Aller-
ton*, 60 Conn. 410,) as the statute declares that whether
the endorsement be before or after the endorsement by
the payee it shall import the contract of an ordinary en-
dorsement.   If the instrument is not a promissory note,
then it is clear that appellee bore no such relation to it
as would render him liable under the proof disclosed in
this record.

Upon a mere contract for the payment of money or
the performance of any other covenant, where the in-
strument is not such as comes within the definition of a
negotiable instrument, one by merely signing his name
upon the back thereof does not become either a guaran-
tor or an endorser, within the law merchant.   There are
many instruments that may be transferred by assign-
ment of the holder or payee, and which are sometimes
called negotiable instruments, such as bills of lading,
warehouse receipts and other assignable contracts, for
the performance of the terms or covenants of which one
may become a guarantor; but the contract of guaranty
on such instrument will not arise by the mere signing of
the name of a person, not a party thereto, on the back
thereof.   We take it the only possible relation between
the parties here, under the law, if it could be held that
the instrument in question is a negotiable instrument,
would be that of endorsers, and the relation of endorsers,
which appellee and appellant must have borne to the in-
strument in question, is in a technical sense applicable
only to a relation touching negotiable paper.   While to
write one's name on the back of a writing is literally
to endorse it, in its technical sense and in the sense in
which it is used when applied to negotiable paper it
means writing one's name thereon with intent to incur
the liability of a party who warrants payment of the in-
strument, provided it is duly presented to the principal
at maturity and is not paid by him and such fact is duly

notified to the endorser. (1 Daniel on Neg. Inst. 667.) Such was the rule of the law merchant, which has been modified, to some extent, in this State, where such instruments are controlled by the laws of this State, by requiring that suit be timely brought or that it be shown that suit would be unavailing.

A promissory note, as defined by the English Bills of Exchange act, (sec. 83,) is: "An unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a certain sum in money to, or to the order of, a specified person or to bearer;" or as usually defined: "An unconditional promise in writing for the payment of a certain sum of money absolutely and in all events." (4 Am. & Eng. Ency. of Law,—2d ed.—77.) And as defined by Chitty: "A promise or agreement in writing to pay a specified sum at a time therein limited, or on demand, or at sight, to a person therein named, or to his order, or to the bearer." (Chitty on Bills, 516.) Many definitions are given, varying only in that in some of them the parties to such instruments are specified more particularly and the time of payment is stated in different terms, but all agree that in order to constitute a promissory note the instrument must be for a specified sum or certain sum of money. *Lowe* v. *Bliss*, 24 Ill. 168.

If effect is to be given to the language of this instrument and no part of it is to be rejected, it being quite clear that the addition of the words "and taxes," which must, if they have any meaning at all, refer to the taxes upon the instrument itself or the money loaned and represented by it, the amount of which is not fixed by the instrument nor is there any means found in the instrument by which the amount can be fixed and resort to extrinsic evidence being necessary to fix the same, it necessarily follows that the sum to be paid is uncertain and the instrument is not a promissory note. *Lowe* v. *Bliss, supra;* 4 Am. & Eng. Ency. of Law, (2d ed.) 77; 7 Cyc.

596; *Hill* v. *Todd,* 29 Ill. 101; *Dorsey* v. *Wolff,* 142 id. 589; *Agrey* v. *Fearnsides,* 4 M. & W. 168; *Howell* v. *Todd,* Fed. Cas. No. 6783; *Farquhar* v. *Fidelity Trust and Safe Deposit Co.* 13 Phila. 473; *Walker* v. *Thompson,* 108 Mich. 686; *Carmody* v. *Crane,* 110 id. 508; *Donaldson* v. *Grant,* 15 Utah, 231; *Lockrow* v. *Cline,* 46 Pac. Rep. 720; *Brooke* v. *Strothers,* 110 Mich. 562; *Garnett* v. *Myers,* 91 N. W. Rep. 400.

Appellant contends, however, that the word "taxes" is so indefinite and so uncertain, when read in connection with the entire instrument, that it ought to be rejected as surplusage, and in support of that contention refers to *Hoyt* v. *Jaffray,* 29 Ill. 104, *Hill* v. *Todd,* 29 id. 101, and *Bilderback* v. *Burlingame,* 27 id. 338. We do not think the cases cited support the contention of appellant. *Lowe* v. *Bliss, supra,* was an action by the payee against the maker of an instrument in the form of a note for the payment of a certain sum of money at the Bank of Kankakee, Illinois, "with current rate of exchange on New York." In that case special counts were filed in the declaration upon the note, but there was an omission to state anything in regard to the provision for the New York exchange. Objection was made to the instrument being admitted in evidence on the ground that there was a variance between it and the declaration, and that objection was overruled. On appeal to this court the judgment of the lower court was reversed, and it was held that the instrument was not a promissory note because of the provision as to current exchange on New York, which made the sum to be paid uncertain, as exchange varied from time to time and in different banks and localities. In that case the note was executed and delivered in New York. In *Hill* v. *Todd, supra,* the note was delivered in Chicago, Illinois, and payable at the office of the payee "in this city," and was for a certain sum of money "with current rate of exchange." In that case it was held that as the note was delivered and payable in Chicago there could be no exchange when paid at the

place where payment was provided for, and that the words "with current rate of exchange" could be rejected as surplusage. *Hoyt* v. *Jaffray, supra,* was upon an instrument in the form of a note, payable at Miller's Bank, Aurora, Illinois, "with current rate of exchange on New York," and following the case of *Hill* v. *Todd, supra,* the provision with reference to exchange was held to be surplusage and the instrument a promissory note. In *Bilderback* v. *Burlingame, supra,* the action was upon an instrument reading: "Due W B. Goddard, $450.00; to be paid in lumber when called for; in good lumber at $1.25." That instrument was held to be a promissory note, and it was further held that as against the maker it was not necessary to prove the consideration.

By the statute of Connecticut, if the instrument in question had been a promissory note,—and without the provision to pay taxes it unquestionably would have been,—it was subject to taxation. *Howell* v. *Todd, supra,* was a case in the United States Circuit Court in Connecticut upon a note very similar to this, and the court there said in reference to the same: "The second ground is that the amount to be paid is uncertain, for it provides for the payment not only of interest, which is certain, but also of taxes, the amount of which must necessarily be uncertain until they are assessed or imposed according to law. The instrument in question quite certainly is not a promissory note."

As has well been said by counsel for appellee, from reading the instrument it is quite as certain what subject the word "taxes" relates back to as the word "interest." The expression is, "with interest at six per cent per annum and taxes." There is a period after "Fourth National Bank," and the expression following is, "Value received, with interest at six per cent per annum and taxes." Of course, from long usage and common knowledge no one would hesitate to interpret the instrument as meaning that the interest should be paid upon the debt

described in the note, and we see no reason for doubting that the intention of the parties was to contract that the maker of the note should pay the taxes on it in addition to the principal debt and interest thereon. The provision in the instrument in *Agrey* v. *Fearnsides, supra,* was for a certain sum of money and "all fines according to rule," and it was insisted there, as here, that the words in quotation marks should be rejected as insensible, and therefore mere surplusage. Parke, Baron, delivering the opinion, said: "It is quite possible that they have a meaning and may import that certain pecuniary fines or forfeitures are to be paid by the defendants, and if so, this is certainly no promissory note within the statute, but is a specific agreement to do certain things, the consideration for doing which not being stated, the declaration is clearly bad."

In *Farquhar* v. *Fidelity Trust and Safe Deposit Co. supra,* the instrument provided for the payment of $5000, "together with all taxes and charges in the nature thereof that may be levied upon this note, or upon the indenture or mortgage accompanying the same or the principal or interest moneys thereby secured, immediately upon their assessment." Speaking of this provision the court said: "Overlooking the clause touching attorney's commission, how can it be said that the notes are either unconditional or certain in amount in view of the stipulation for the payment of taxes, or charges in the nature thereof, assessed upon the principal or interest? Liable to taxation as the property is in the hands of the holders, (and this is the import of the stipulation,) in some places they would probably be free from this charge, while in others they may be subjected to indefinite and varying rates of taxation, so that the amount to be paid by the maker, either before or at the maturity of the notes, would fluctuate according to collateral circumstances and be dependent upon the domicile of the holder. And of these contemplated charges or additions to the nominal con-

sideration the ·notes themselves indicate no standard of measurement. They could only be ascertained by reference to extrinsic circumstances, and thus the amount to be paid by the maker is left indeterminate and subject to possible contention. Instruments whose consideration is thus fluctuating and indefinite and which are laden with such embarrassments to their circulation could not perform the functions, and therefore do not possess the character, of negotiable paper." And so in the case at bar, the instrument sued on provides for the payment of taxes. Whether the taxes shall be paid annually or semi-annually, whether before the note becomes due or after, or at the time of its maturity, is uncertain. By the law merchant, and by the statutes of the States in aid thereof, negotiable instruments occupy a highly useful and valuable place in the commerce and business of our people. There is no other form of contract known that in so few words may contain so many well understood and thoroughly established legal rights and liabilities. Their presence and use are a boon, and to destroy or to materially impair them would be a business calamity. To permit by strange and unusual provisions, matters in no way relating to or affecting trade or commerce to be incorporated into them unsettles established rules of construction and makes that dangerous and uncertain which before was definite and well understood. We are unwilling to assent to the contention that such instruments can or ought to be construed as negotiable instruments or promissory notes.

Under these views it is unnecessary to discuss other questions urged, as this seems decisive of the case, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*