## The Fidelity & Deposit Company of Maryland, Plaintiff in Error, v. Peter F. Young, Defendant in Error.

### Gen. No. 15,225.

1. NEGOTIABLE INSTRUMENTS—*what not promissory note.* A contract providing for the payment of an indefinite sum of money is not a promissory note, negotiable or non-negotiable.

2. SURETYSHIP—*what does not authorize writing of contract of guaranty over signature.* If an instrument, not a promissory note

negotiable or non-negotiable, has a signature on the back thereof, the holder of such instrument has no right to write a contract of guaranty above such signature.

3. STATUTE OF FRAUDS—*what not writing sufficient to satisfy.* A signature upon the back of an instrument not a promissory note negotiable or non-negotiable, is not such a writing as will support a parol contract of guaranty.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 24, 1911.

PECKHAM, PACKARD, APMADOC & WALSH, for plaintiff in error.

CLARENCE T. MORSE, for defendant in error; CYRUS L. GARNETT, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff below, plaintiff in error here, brought suit in the Municipal Court of Chicago against the defendant, defendant in error here, on the following instrument:

"$500.00/100                    CHICAGO, Feby. 19, 1906.

Eight months after date, for value received, I promise to pay to the order of W. E. Brown the sum of Five Hundred Dollars at 3052 Lakeside Building, with interest at 6 per cent per annum, and taxes.

M. B. EARLY.

Endorsed:
    PETER F. YOUNG,
    W. E. BROWN."

In regard to the execution and delivery of the instrument, the plaintiff's agent, Arnold, testified that in February, 1906, he accepted the instrument, together with $500 cash, from Brown as collateral security for a court bond of $500. The only conversation that Arnold had with Young, the defendant, in regard to the instrument, prior to the taking of it by the plaintiff, according to Arnold's testimony, was over the tel-

The Fidelity & Deposit Co. of Maryland v. Young, 159 Ill. App. 531.

ephone.  Arnold called up Young and asked him if he had signed it, and Young replied in the affirmative.

The defendant, Young, was called by the plaintiff for cross-examination under the statute, and testified that one Brown and one Majors asked him to endorse the instrument, telling him they wanted to use it in connection with the giving of a bond, and stating that there was no liability on the bond; that the bonding company knew this, but had a rule requiring security to be given for bonds; that there would be no liability on the instrument if witness wrote his name so close to the top that such words as "I hereby guarantee the payment of this note" could not be written above it; that the witness thereupon did as requested, and that he never talked with Arnold about the note until shortly before the suit was commenced.

The record shows that the plaintiff offered in evidence, over the objection of the defendant, another transaction between the same parties had in September, 1905, in which a similar instrument was given and endorsed by Young and Brown; and in that transaction it appeared that Brown and Arnold went to Young's office and Arnold asked Young if he endorsed the note, saying that he proposed taking it as collateral security from Brown in addition to some cash; and that Young replied, "If Mr. Early don't pay the note I will."

It further appears that when the note or instrument given in September, 1905, matured, it was given up or surrendered to Brown and the instrument sued on was taken as collateral security on an additional bond for $500 issued to Mrs. Majors.

It is conceded in plaintiff in error's brief that the instrument in question is a non-negotiable note, because it contains the words "and taxes," which rendered the amount due on the note uncertain.  It is also stated in the same brief that the plaintiff does not seek to recover against Young on the ground that it is a *bona fide* holder of a negotiable instrument.   "The plaintiff

534     Appellate Courts of Illinois.

The Fidelity & Deposit Co. of Maryland v. Young, 159 Ill. App. 531.

seeks to recover on the parol contract made by Young to pay the note if Early did not." In other words, counsel for plaintiff concedes that in order to recover it must prove parol guaranty of the instrument by Young. We find no such proof in the record. The only evidence tending to show such a guaranty was the words spoken by Young, "If Mr. Early don't pay the note I will." But the undisputed fact in the record is, that these words were spoken of an instrument dated in September, 1905, not in suit. There is no evidence in the record showing a guaranty of the instrument in question, and therefore the plaintiff cannot recover on that ground.

The instrument in question, however, is not a promissory note, either negotiable or non-negotiable. Smith v. Myers, 207 Ill. 126. It is a mere contract to pay money, a mere chose in action. There is no implied authority to write a contract of guaranty above the signature of a third person appearing upon the back of such an instrument. Smith v. Myers, *supra.* A parol guaranty would have been within the Statute of Frauds, as there was no memorandum of the promise signed by the party to be charged, shown by the evidence. Young's signature on the back of the instrument is not a sufficient memorandum in writing to satisfy the Statute of Frauds and allow a recovery on a parol contract of guaranty. The cases cited in behalf of plaintiff in error apply to endorsements on promissory notes negotiable or non-negotiable. Such a signature upon the back of such notes, which are within the rules of the law-merchant, has a fixed and determined legal import which carries with it the implication of a certain contract, and the holder is authorized to write over the signature the contract implied by law. Hence the Statute of Frauds has no application to such instruments. Daniels on Neg. Instruments, sec. 567.

The judgment of the trial court is correct and is affirmed.

*Affirmed.*