The First National Bank of Taylorville, Appellant, v. William E. Dee Clay Manufacturing Company et al., Appellees.

1. DRAINAGE—*orders of drainage district to pay money construed.* Where all the money raised by a first assessment to pay for construction work by a drainage district has been paid out and orders to pay contractors "out of moneys in the treasury not otherwise appropriated" are given at the time a second levy is made for the purpose of meeting the debts represented by the orders, such orders will be construed as being intended to be paid out of the funds to be raised by the second levy and as not to be cashed until all other existing debts have been paid.

2. DRAINAGE—*purchaser of drainage district order takes with notice of illegality.* One who receives or one who purchases orders for money issued by a drainage district is put upon notice as to the legality of the proceedings of the commissioners in issuing them.

3. CONTRIBUTION—*purchaser of invalid drainage district orders cannot require other creditors to contribute.* Where a drainage district lets contracts to several contractors, paying some of them in full by money obtained from an assessment and giving orders on the treasury to others that are to be paid by money obtained by a second levy, and such levy is declared invalid, a purchaser of the orders cannot require the contractors who are paid in full to contribute to his loss by compelling them to repay into the treasury such portions of their payments as will equalize the claims of all the creditors.

4. DRAINAGE—*when purchaser of drainage district orders cannot recover of payee.* .Where a drainage district issues orders on its treasury to contractors and the assessment levy to pay the orders is declared invalid, a purchaser of the orders cannot maintain a bill to require the payees to repay the money received from him, since the orders are not negotiable and the remedy, if any, is at law.

5. DRAINAGE—*when district is necessary party defendant.* Where a drainage district issues orders on its treasury to contractors and an assessment levy to pay them is declared invalid, a purchaser of the orders cannot maintain a bill to require contractors to contribute who have been paid in full under a prior levy, and that the amounts of the orders be declared to be an existing indebtedness of the drainage district, and that the payees be required to repay the amounts received, unless the drainage district is made a party defendant.

6. DRAINAGE—*when district is necessary party defendant.* Where a drainage district issues orders on its treasury to contractors and the assessment levy to pay the orders is declared invalid, on a bill by a purchaser of the orders to require contractors who have been paid in full by a prior assessment to contribute to his loss and that the amount of the orders be declared to be an existing indebtedness against the drainage district, the indebtedness cannot be declared to exist if the drainage district is not made a party defendant.

7. EQUITY—*when bill is multifarious.* Where a drainage district issues orders on its treasury to contractors and an assessment levy to pay them is declared invalid, a bill by a purchaser of the orders to require contractors to contribute who have been paid in full under a prior levy, and to have it declared that the amount of the orders is an existing indebtedness of the drainage district and that the payees of the order be required to repay the amount received, is multifarious.

Appeal from the Circuit Court of Christian county; the HON. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

HOGAN & WALLACE, for appellant.

TAYLOR & TAYLOR, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery filed in the Circuit Court of Christian County, alleging in substance that an

THIRD DISTRICT—OCTOBER, 1912.          457

First Nat. Bank v. Wm. E. Dee Clay Mfg. Co., 176 Ill. App. 455.

assessment was levied by the drainage commissioners of Drainage District Number 2, of $4,033.80, for the purpose of defraying the cost of putting in drains within said district; that a contract was let for the work of excavating, and the placing of tile drains; that a contract was let to the Wm. E. Dee Clay Manufacturing Company to furnish a portion of the tile, and other parties who are named in the bill secured other portions of the contract; that after the contracts had been let it became apparent that an additional assessment would be necessary to raise sufficient money to complete the work of the drainage undertaken; that the commissioners of the district levied an additional assessment of $2,472 to meet this deficit; that said sum was levied against the property of the district, but that before the payment of the second levy had been made, a bill in chancery was filed by certain taxpayers owning lands in the district to enjoin the collection of the second levy; that the said second levy was perpetually enjoined by a decree. affirmed by the supreme court on appeal. Drainage Com'rs Dist. No. 2 v. Kinney, 233 Ill. 67. The bill then sets forth at length the names and the amounts of money received by each of the appellees from the first or valid levy; that after the payments above referred to, an order was issued to the Wm. E. Dee Clay Manufacturing Company for the sum of $698.17 for tile, "out of the moneys in the treasury not otherwise appropriated;" that at the same time the drainage commissioners issued to the Stoneware Pipe Co., an order in the same language, for the sum of $1,167 for tile, and to W. P. Jones & Bro., an order, in the same form, in the sum of $361.26, for "tiling in full;" that these orders were transferred to appellant; that by reason of the decree holding said second assessment to be null and void, there was no money in the treasury of the said district wherewith to pay said above mentioned orders, and there exists no means at law by which same can be collected, or by which the said commissioners could

458 . APPELLATE COURTS OF ILLINOIS.

First Nat. Bank v. Wm. E. Dee Clay Mfg. Co., 176 Ill. App. 455.

levy a tax or assessment and collect the same where-
with to pay said orders; that by reason of the invalid-
ity of the said orders, no consideration passed from the
appellees, Wm. Dee Clay Manufacturing Company,
Stoneware Pipe Co. or W. P. Jones & Bro. to appel-
lant, appellant having paid valuable considerations
therefor; that by reason of the failure of the consider-
ation as aforesaid, the appellees last mentioned be-
came and were indebted in equity to appellant for the
sum paid to each of them respectively.

The bill further alleges that by virtue of the in-
validity of said second assessment there exists a defi-
ciency in the treasury of the said drainage district, in
the sum of $2,472, but that under the law there is no
conditions and by reason of the fact certain other par-
means to enforce the same; that by reason of these
ties also contracting with the drainage district have
been paid in full out of the original assessment, it is
inequitable and unjust that a portion of the contract-
ors should be paid in full and other contractors re-
ceive nothing; that those receiving payment in full
should be required to repay into the treasury of the
district, such portions of said sums as will equalize the
indebtedness; that the loss should be equally distrib-
uted among all of the creditors.

The prayer of the bill is, that the said W. E. Dee
Clay Manufacturing Company, the Stoneware Pipe Co.
and W. P. Jones & Bro. may be decreed to pay to ap-
pellant the sums above mentioned as having been paid
to them for their respective orders, and that the amount
of the orders issued to the said parties last above
named be declared to be an existing indebtedness
against the drainage district; that the other defendants,
appellees here, who were paid out of the first assess-
ment, be decreed to pay into court a sum sufficient to
equalize the claims of all of the creditors, leaving all
creditors sharing equally the loss. The drainage dis-
trict was not made a party to this proceeding.

To the bill, demurrers, both general and special,
were filed. The court sustained the demurrers, and
dismissed the bill for want of equity. From the de-

cree so dismissing the bill, this appeal was perfected.

In the outset we find it necessary to eliminate from consideration the question as to the liability of the drainage district to have the orders mentioned in the bill declared an existing indebtedness against it, for the reason the drainage district was not made a party defendant, and was not brought into court.

In considering the question of the liability of the several creditors who have received their pay in full, to contribute to the loss sustained by appellant, it will be necessary to examine the language of the orders issued by the commissioners and sold to appellant. The following is a copy of the form in which all of said orders appear, viz.:

"The Treasurer of said Commissioners of Highways will pay ————— or order, ———— Dollars for ———— out of moneys in the treasury not otherwise appropriated."

As to the date of the issuance of these orders, the averments of the bill are as follows:

"That out of the first assessment there was the following disbursements" (mentioning each defendant creditor and the amount of the order and date of payment, and then appears the following): "Your orator further represents that afterwards, to-wit, and pending litigation relative to said second assessment, the following orders were issued" (here setting forth each of the orders now belonging to appellant).

Thus we learn from the bill that at the date of the issuance of the orders now owned by appellant, all the money raised by the first assessment had not only been paid out, but the second levy had been made for the express purpose of meeting the debts represented by the orders held by appellant. The only proper construction to be given to the language of the orders, in the light of all the facts known at the time, is that these orders were intended to be paid out of the funds to be raised by the second levy. The commissioners seem to have contemplated, in drawing these orders,

460     Appellate Courts of Illinois.

First Nat. Bank v. Wm. E. Dee Clay Mfg. Co., 176 Ill. App. 455.

that they would not be cashed until all other existing debts had been paid, and it is to be presumed that the payees in the orders so understood at the time.

This drainage district was a *quasi*-public corporation, and had certain powers that it might legally perform. One of its powers was the levying of an assessment to defray the cost of constructing the drains contemplated by their organization. Before making such assessment they were, however, to ascertain in the manner pointed out by the statute, the necessary expense incident to this improvement. Had they pursued this course and determined the whole of the expense before making the levy, they would have been clearly within the purview of their rights. Failing to do that, but contracting a debt beyond the amount of the assessment, they were powerless to make other or further levies for the purpose. The commissioners acted, no doubt, in good faith in issuing the orders. The contractors, no doubt, acted in good faith in receiving the orders, and the appellant acted in good faith, we have no doubt, in receiving the orders when it bought them from the appellees. The validity of the orders, however, depended upon the legality of each step taken in the proceedings by the commissioners. The law puts one who receives, or one who purchases, orders issued by a drainage district upon his notice as to the legality of the proceedings of the commissioners in issuing them. The law requires that a record be kept and that all of the proceedings of the commissioners be recorded therein, so that anyone interested may determine for himself as to the validity of the orders issued by them.

The fact that the first assessment and group of orders proved to be valid, and enabled the holders thereof to receive cash from the treasury, is no reason, in our judgment, why the receivers of such orders should be held to contribute to the less fortunate.

The first class of creditors were in no way or manner associated with the last class. The last class of

creditors were in no way connected with or interested in the contract or work of the first class. Each contracted for himself. Each performed the contract for himself and each exercised his judgment, in theory of law, as to the validity of the orders, that satisfied and paid his contract price. Having stood independent, without any privity in connection with these contracts up to the time, the court held the second assessment void, we can see no good reason in equity or good conscience, why they should now be called upon to share the loss with the appellant.

The further prayer of appellant's bill is, that the Wm. E. Dee Clay Manufacturing Co., the Stoneware Pipe Co. and W. P. Jones & Bro. may be decreed to pay to the appellant the said sums above mentioned as having been paid to them for their respective orders.

There seem to be two valid legal objections interposed to the granting of such a decree.

This class of orders has been held to be non-negotiable. In the case of People v. Johnson, 100 Ill. 537, the court said:

"We regard the rule well settled, by considerations of public policy as well as by a decided preponderance of authority, that warrants or orders drawn by one municipal officer upon another, in the disbursement of the funds of the municipality and payment of its indebtedness, are not to be regarded as negotiable or commercial paper." And it seems the indorser is not liable to the buyer of such orders in the absence of fraud. In Smith v. Myers, 207 Ill. 126, the supreme court said: "Upon a mere contract for the payment of money or the performance of any other covenant, where the instrument is not such as comes within the definition of a negotiable instrument, one by merely signing his name upon the back thereof does not become either a guarantor or an endorser, within the law merchant." In 21 Am. & Eng. Ency. of Law, p. 28, we find the following: "Where warrants are transferred by endorsement, the endorser does not in-

cur the liabilities of an endorser of a negotiable bill or note."

This proposition is also upheld in the following:

"There is no implied warranty or guaranty on the sale of municipal bonds; and where, on a sale of such bonds their invalidity not having been determined, the seller stated that he believed the bonds were valid, and the buyer, after notice that the town claimed that the bonds were invalid, sued the town for the value thereof and their invalidity was determined, the buyer could not recover the price on the ground of false representations by the seller as to their validity." 28 Cyc. p. 1614.

There is no allegation of fraud or deception in the sale of the orders in question. They were purchased pending the litigation questioning their validity, of which appellant had notice.

The second reason why the decree should not be granted as against the appellees, is that if there exists a legal liability to recover upon these indorsements, appellant should apply to a court of law.

Still another reason why the action of the chancellor should be approved is that the appellant failed to make the drainage district, the principal debtor, a party to the proceeding.

For the reasons above stated and the further fact that the bill is multifarious we conclude the demurrer was properly sustained and the bill properly dismissed. The action of the circuit court is affirmed.

*Affirmed.*