First National Bank of Cass Lake, Minnesota, Appellant, v. M. S. Lamoreaux, Appellee.

Gen. No. 33,448.

16

Opinion filed November 6, 1929.

ALDEN, LATHAM & YOUNG, for appellant.

LEVIN & BERNSTEIN, for appellee; MORRIS BERNSTEIN, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff, First National Bank of Cass Lake, Minnesota, filed its claim in the municipal court of Chicago against the defendant, M. S. Lamoreaux, based on certain promissory notes, issued by the Kenfield-Lamoreaux Company and indorsed by the defendant, M. S. Lamoreaux. On motion of the defendant, plaintiff's second amended statement of claim was stricken, to which an exception was taken and the plaintiff elected to stand on the amended statement of claim. A judgment for defendant was entered in the cause, from which judgment this appeal was perfected.

The second amended statement of claim charges that on October 4, 1921, Kenfield-Lamoreaux Company executed three promissory notes, payable respectively to the order of the First National Bank of Cass Lake, Minnesota, Bemidji Box Company and Northern Pine

Crating Co., payable April 4, 1922. These notes bore on their face the following notation:

"This note is issued pursuant to an agreement dated April 4, 1921, between Kenfield-Lamoreaux Company and others, and this note and the indebtedness represented thereby is subject to all the provisions of said agreement."

Charges further that said notes were signed by the Kenfield-Lamoreaux Company, by M. S. Lamoreaux, its president, and countersigned by Frank H. Shaw, comptroller; charges further that the defendant and E. E. Kenfield guaranteed payment of said notes by making their indorsement thereon and thereafter delivered them to the respective payees; charges further that the notes payable to the order of the Bemidji Box Company and the Northern Pine Crating Company were then indorsed by Kenfield-Lamoreaux Company, and the respective payees named in the notes and delivered to the plaintiff; charges further that the plaintiff is the assignee and bona fide owner of said notes for value and obtained title to the last two notes described on October 4, 1921, through the indorsement by the respective payees and the delivery of said notes to the plaintiff; charges further that said notes were given pursuant to an agreement, a copy of which is attached to the statement of claim, and that said notes have matured and have not been paid; charges further that the Kenfield-Lamoreaux Company was insolvent before and after maturity of said notes and has been adjudged a bankrupt; that the defendant was president of said Kenfield-Lamoreaux Company and acted on their behalf in connection with the making of said notes.

The agreement referred to in the notes and attached to the statement of claim recites, among other things, that it has become necessary to extend the time of payment of claims of creditors in order to save the busi-

ness of said company from impairment and that, therefore, said company and said creditors have agreed upon a plan for the best interest of those concerned. Among other things contained in said agreement is a provision for the creation of an advisory committee, the appointment of a comptroller satisfactory to said committee, the extension of the time of payment of certain claims; that the debts be evidenced by extension promissory notes accepted by the creditors in lieu of the claims due from the company; that all notes so given should contain the recital hereinbefore set forth in the statement of claim; that in case of payment or of partial payment, each creditor should receive the same pro rata share of the amount of his debt, and that all payments should be proportionate; that all claims for labor, material and operating expenses should have a preference in priority of payment over all other liabilities, including the indebtedness represented by the notes. Certain other provisions were made for the purpose of authorizing the committee to do certain things in order to protect the interest of creditors.

It is insisted on behalf of the plaintiff, that the defendant Lamoreaux, by writing his name on the back of the instruments in question, became a guarantor of the indebtedness.

On the other hand, it is the contention of the defendant that the instruments in question are not promissory notes, either negotiable or non-negotiable and further that, the defendant did not become liable as a guarantor and the plaintiff had no right to write a contract of guaranty above his signature. Furthermore, that the allegation in the amended statement of claim that the notes were indorsed by the payees therein to the plaintiff is not sufficient to evidence an assignment of the claims of Bemidji Box Company and Northern Pine Crating Company because of the fact that the instruments themselves are not negotiable promissory notes, and, therefore, the indorsement does

not constitute an assignment of the instrument under section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18.

No instrument is a promissory note, negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally.

The instruments in question on their face bore a notation to the effect that they were subject to the conditions of a certain agreement made at the same time between the parties. The agreement itself clearly stated that they were not given for a definite amount, but were to be payable out of the assets of the corporation executing the notes and that each of said notes should be paid in proportion to the amount realized after the liquidation of the company. From a reading of the agreement, it appears to have been an offer on behalf of the creditors to assist the company in working out its indebtedness and to extend the time of payment and fix the amount of their claims as of the date of the agreement so that there would later be no conflict as to the amounts due.

It cannot be said that the notes were for a definite fixed sum, nor did they provide for payment absolutely and unconditionally. Under the agreement it was impossible to ascertain what the exact amount of payment would be, and there was a possibility that no payment might be made whatever.

The Supreme Court of this State in the case of *Chicago Trust & Sav. Bank v. Chicago Title & Trust Co.,* 190 Ill. 404, in its opinion says:

"No contract or agreement is a promissory note, either negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally. If payment depends upon a contingency which may never happen, it is not a promissory note." (Citing cases.)

The signing of his name, by the defendant, on the back of the instruments in question, they being non-negotiable instruments, did not create a liability of

indorser or guarantor against him within the meaning of the law. *Smith v. Myers,* 207 Ill. 126.

The allegation in the amended statement of claim to the effect that the defendant guaranteed payment by his indorsement, leaves open for consideration the question only as to whether or not the indorsement in and of itself constituted a guaranty, as there are no other allegations in the amended statement of claim charging the defendant with liability as guarantor, other than the indorsements themselves. Moreover a reading of the agreement governing the payment of the alleged promissory notes, shows on its face that there could be no guarantee because the alleged notes were for an indefinite amount with a possibility that there might not be a sufficient fund to pay any part of such notes. To the same effect see *Fidelity & Deposit Co. of Maryland v. Young,* 159 Ill. App. 531. There are no allegations in the amended statement of claim disclosing the facts as to how the plaintiff received the instruments in question by assignment, other than the allegation that the plaintiff is the assignee and bona fide owner of the notes for value, by indorsement and delivery.

The statement of claim should have contained a statement, not only showing the delivery and indorsement, but facts setting forth how and when the plaintiff obtained the title. Before the passage of section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, no cause of action existed in favor of the assignee in a chose in action not negotiable. *Allis-Chalmers Mfg. Co. v. City of Chicago,* 297 Ill. 444.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.